UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAULO TRINDADE | : | Civil Action No. |
| Plaintiff, | : | 1:19-cv-10717-ADB |
| v. | : | OPPOSITION TO MOTION TO AMEND |
| GROVE SERVICES, INC. and VICTOR SPIVAK | : | |
| Defendants. | : | |

Plaintiff Paulo Trindade's ("Trindade") proposed amended complaint (Docket No. 25-1), filed over a year after this case began, contains claims that are time barred by the applicable statute of limitations and that fail to state a claim against defendant Grove Services, Inc. ("Grove"), and provides no reason why this Court should allow his motion to amend. Indeed, Grove properly calculated Trindade's 2015 commission in accordance with his employment agreement and Trindade's proposed amended complaint does not contain any allegations to the contrary. As such, the motion to amend should be denied.

## **Background**

On or about September 24, 2010, Trindade entered into an employment agreement (the "Agreement") with Grove and became Grove's Sales Director for Latin America. (Declaration of Nicholas R. Cassie In Opposition To Motion To Amend Ex. A (Agreement); Proposed First Amended Complaint And Jury Demand ¶¶ 5-6).[1] Under

---

[1] In deciding the sufficiency of a complaint, the Court may rely on documents to which the factual allegations of the complaint are expressly linked. See Peter Pan Bus Lines, Inc. v. Greyhound Lines,

his employment contract with Grove, Trindade was entitled to a commission "equal to fifteen percent of the Net Profits attributable to [sales generated and managed by Trindade] to the extent such Net Profits exceed US$150,000 in the aggregate in any calendar year." (Agreement § 4(d)(i)). The term Net Profits is defined as the gross amount of sales generated by Trindade, minus deductions for costs of goods sold, corporate overhead, and working capital:

> (ii) For purposes hereof, "Net Profits" shall be calculated by the Company for the relevant calendar year as follows: (a) the gross sales order amounts generated and managed by you (tracked by the Company under your employee number), <u>minus</u>, (b) the actual costs of goods sold attributable to such sales orders, <u>minus</u> (c) all transportation and freight charges relating to the transportation of product and all storage charges, demurrage charges, insurance and other costs and expenses directly relating to such sales orders, <u>minus</u> (d) a proportionate amount of the salary, bonus, benefits and other compensation paid to or on behalf of employees and consultants, including you, working out of or for the Company's Atlanta office, <u>minus</u> (e) proportionate amount of the overhead, costs and expenses of the Company's Atlanta office and a proportionate amount of the overhead, costs and expenses of the Company reasonably apportioned to the Company's Atlanta office, <u>minus</u> (f) a proportionate amount of all interest expenses (internal or external) calculated as a function of the working capital needs of the Company's Atlanta office, and <u>minus</u> (g) a proportionate amount of a fifteen percent (15%) return on the capital investment of the Company in its Atlanta office.

(Agreement § 4(d)(ii) (emphasis in original)). The Agreement gives Grove the right to classify all costs and calculate proportionate amounts based on any reasonable allocation:

> All classifications of costs shall be made by the Company and all calculations of proportionate amounts of such costs shall be made by the Company in accordance with any reasonable allocation method selected by the Company.

(Agreement § 4(d)(iii)).

---

Inc., 189 F. Supp. 3d 217, 219 n. 2 (D. Mass. 2016) (relying on contracts referenced in complaint to dismiss claims).

All commissions were due to be paid "within sixty (60) days after the relevant calendar year." (Agreement § 4(d)(ii)).

On April 15, 2019, Trindade filed his initial complaint against Grove, alleging that Grove did not pay him the full amount of commission that he was owed for the 2015 year. (Complaint (Docket No. 1) at 9, 12-25). Trindade's original complaint contained no allegations regarding under-payment for years other than 2015. (See Complaint (Docket No. 1)).

On June 15, 2020, Trindade brought the Motion to Amend his complaint and submitted a proposed amended complaint (the "Proposed Amended Complaint"). (Docket Nos. 25, 25-1).[2] In the Proposed Amended Complaint, Trindade seeks to add one additional Wage Act claim for purported under-payment for the year 2016 and additional breach of contract claims for the years 2013-2016. (Proposed Amended Complaint ¶¶ 22-23, 28-31). The crux of Trindade's new claims is that Grove purportedly made improper deductions to Trindade's gross sales in calculating his commissions. (Proposed Amended Complaints ¶¶ 17-31).

## Argument

"Federal Rule of Civil Procedure 15 provides that "the court should freely give leave [to amend] when justice so requires." Jenkins v. Boston Housing Court, 350 F. Supp. 3d 1, 3 (D. Mass. 2018) (denying motion to amend.)  "A district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part." Mulder v. Kohl's Dept. Stores, Inc., 865 F.3d 17, 20 (1st Cir. 2017) (affirming denial of motion to dismiss).  "Amendment is

---

[2]    Trindade submitted no memorandum of law as required by Local Rule 7.1(b)(1).

futile where the relevant statute of limitations has elapsed." Brooks v. Citizens Bank of Mass., No. 19-12231-LTS, 2020 WL 837375, at *1 (D. Mass. February 20, 2020) (denying motion to amend).

Here, Trindade's proposed amended claims would be futile because certain of the claims are barred by the statute of limitations and because the new claims fail to allege any basis to conclude that Trindade was not paid all amounts he was owed.

I.   Claims Barred By The Statute Of Limitations

A proposed amended complaint is futile if the proposed claims are barred by the statute of limitations. Brooks, 2020 WL 837375, at *1. A plaintiff bringing a claim under the Massachusetts Wage Act must do so "within three years of the violation." Mass. Gen. Laws ch. 149, § 150. The statute of limitations for a breach of contract action is six years. Callahan v. Wells Fargo & Co., 747 F. Supp. 2d 247, 252 (D. Mass. 2010) (granting motion to dismiss on statute of limitations grounds). Massachusetts relation back principles "are not so broad as to encompass any claim that was known to the complainant that could have been brought in a timely manner." Weber v. Community Teamwork, Inc., 434 Mass. 761, 785-86 (2001) (motion to amend did not relate back).

Here, Trindade's Proposed Amended Complaint seeks to add a Wage Act claim for Grove's purported failure to pay him the full amount he was owed for 2016. (Proposed Amended Complaint ¶¶ 22-23). Under the Agreement, this amount was due to be paid within 60 days of the end of 2016, or by March 1, 2017. (Agreement § 4(d)(ii)). Any claim for underpayment of that commission would need to have been filed within three years of that date, or by March 1, 2020. As such, Trindade's motion to amend to add a Wage Act Claim for commissions for 2016, which was filed on June 15,

4

2020, is untimely, and his motion to add a Wage Act claim for 2016 commissions should be denied as futile. Mass. Gen. Laws ch. 149, § 150. Brooks, 2020 WL 837375, at *1.

Similarly, Trindade's proposed breach of contract claim for 2013 is also untimely. (See Proposed Amended Complaint ¶ 30 (adding breach of contract claim for 2013)). Indeed, under the contract, commissions for 2013 were to be paid by March 1, 2014 and any breach of contract claim relating to that obligation was barred after March 1, 2020. (See Agreement § 4(d)(ii), Callahan, 747 F. Supp. 2d at 252 (discussing six-year limitations period for breach of contract claims)). Again, a complaint for 2013 commission filed on June 15, 2020 is untimely and the motion to amend should be denied as to that cause of action as well.

There is no argument that any of Trindade's proposed claims relate back to the filing of his original complaint. Under Rule 15, an amended pleading only "relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; [or] (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1).[3] Nothing in the Wage Act, or in Massachusetts law for that matter, allows for relation back in this situation. Trindade's proposed new claims do not arise out of the same transaction or occurrence of his original claims. Indeed, each of Trindade's claims pertain to commission owed for years other than 2015 and involve different calculations. As such, Trindade's Proposed Amended Complaint does not relate back to the filing of his original complaint and his Wage Act claim for 2017 and breach of contract claim for 2013 are untimely.

---

[3] Rule 15 also allows relation back for substitutions of parties in certain circumstances. Fed. R. Civ. P. 15(C)(1)(C), which is not relevant.

II.     Trindade's New Claims Are Futile On The Merits

Typically futility of a motion to amend is determined using the Rule 12(b)(6) failure to state a claim standard.  Brooks, 2020 WL 837375, at *1.  "Where the proposed amended complaint would not survive a motion to dismiss, leave need not be granted."  Brooks, 2020 WL 837375, at *1.  To survive, a complaint "must state a claim that is plausible on its face, which goes beyond conclusory statements about the cause of action."  Brooks, 2020 WL 837375, at *1.

Here, Trindade's proposed claims fail to meet this standard.  Under the Agreement, Trindade is entitled to a commission in the amount of 15% of his Net Profits exceeding $150,000.  (Agreement § 4(d)(i)).  Net Profits are calculated by taking Trindade's gross sales for a year, and making the following deductions:

- the actual costs of goods sold attributable to his sales orders;
- all transportation and freight charges relating to the transportation of product and all storage charges, demurrage charges, insurance and other costs and expenses directly relating to such sales orders;
- a proportionate amount of the salary, bonus, benefits and other compensation paid to or on behalf of employees and consultants, including you, working out of or for the Company's Atlanta office;
- a proportionate amount of the overhead, costs and expenses of the Company's Atlanta office and a proportionate amount of the overhead, costs and expenses of the Company reasonably apportioned to the Company's Atlanta office;
- a proportionate amount of all interest expenses (internal or external) calculated as a function of the working capital needs of the Company's Atlanta office;
- a proportionate amount of a fifteen percent (15%) return on the capital investment of the Company in its Atlanta office.

(Agreement § 4(d)(ii)).

The Agreement also gives Grove the power to classify all costs and calculate proportionate amounts based on any reasonable allocation the company determines.

(Agreement § 4(d)(iii)).

Trindade admits that this is the proper calculation, but quibbles with how Grove applied it and determined the deductions. (Proposed Amended Complaint ¶¶ 7-11). However, as set forth below, the Agreement expressly permits Grove's calculations, as to which Trindade complains.

Indeed, first Trindade alleges that "the Company, reduced the Plaintiff's net profits by a share of the overhead from the entire company, not just the Atlanta office." (Proposed Amended Complaint ¶ 10). This is expressly allowed by the Agreement, which permits Grove to deduct "a proportionate amount of the overhead, costs and expenses of the Company's Atlanta office **and a proportionate amount of the overhead, costs and expenses of the Company** reasonably apportioned to the Company's Atlanta office. (Agreement § 4(d)(ii) (emphasis added)). Moreover, Grove determines how to allocate corporate overhead to each individual, and thus the office they work for, based that individual's gross profit percentage compared to the rest of the company. (See Agreement § 4(d)(iii) (giving Grove power to use any reasonable method to allocate proportions of expenses)). Trindade does not allege that Gove's allocation was unreasonable and, as such, Grove did nothing actionable in its calculation of Trindade's commission under the Agreement.

Trindade's amended allegations that Grove improperly calculated his cost of capital deduction is similarly unfounded. (Proposed Amended Complaint ¶ 11). Indeed, the Agreement gives the company the right to deduct cost of capital and how to determine a reasonable allocation for this deduction. (Agreement §§ 4(d)(ii) & 4(d)(iii)). Grove calculates cost of capital for an individual based on that individual's percentage

of gross metric tons of goods sold.  (See Grove 00059 (submitted with Trindade's Motion to Seal)).  Again, Trindade's Proposed Amended Complaint contains no allegation that Grove's allocation method is unreasonable and as such, Grove is entitled to deduct this expense as part of Trindade's Net Profits calculation under the Agreement.  (Agreement § 4(d)(iii)).

Finally, despite that Trindade filed his initial complaint in April 2019, and that the parties have engaged in discovery, Trindade provides no allegations of how he was harmed by Grove's allocations and deductions that are allowed under the Agreement.  Rather, Trindade's Proposed Amended Complaint contains only the conclusory statement that "the commissions paid . . . were far less than the commissions required." (Proposed Amended Complaint ¶ 14).  As set forth in detail above, this assertion is demonstrably false and this Court should not allow Trindade's Motion to Amend, filed over a year after this case was commenced, to prosecute claims that have no merit.

## Conclusion

Accordingly, Grove respectfully requests that this Court deny Trindade's Motion to Amend.

Dated: June 29, 2020

Respectfully Submitted,

Grove Services, Inc. and Victor Spivak

By their attorneys,

/s/ Nicholas R. Cassie_____
Irwin B. Schwartz (BBO# 548763)
ischwartz@blaschwartz.com
Nicholas R. Cassie (BBO# 672698)
ncassie@blaschwartz.com
BLA Schwartz, PC
One University Ave., Suite 302B
Westwood, Massachusetts 02090
Phone:  781-636-5000
Fax:     781-636-5090

### Certificate of Service

I, Nicholas R. Cassie, as attorney for defendants Grove Services, Inc. and Victor Spivak, hereby certify that on this 29th day of June 2020, I filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.
.

Nicholas R. Cassie_____
Nicholas R. Cassie