UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAULO TRINDADE | : | Civil Action No. 1:19-cv-10717-ADB |
| Plaintiff, | : | |
| v. | : | MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNT I AND THE 2013 BREACH OF CONTRACT CLAIM IN COUNT II |
| GROVE SERVICES, INC. and VICTOR SPIVAK | : | |
| Defendants. | : | |

Count I of the First Amended Complaint and Jury Demand (the "Amended Complaint") [Docket No. 42] should be dismissed because the Wage Act claims for commissions -- each of which was brought more than three years after the alleged underpayment was due -- are time-barred.  Likewise, the new breach of contract theory in Count II alleging underpayment of commissions for 2013 was brought more than six years after that amount was allegedly due and should also be dismissed.  Accordingly, as set forth below, this Court should also dismiss Victor Spivak as a defendant.

**Background**

On or about September 24, 2010, plaintiff Paulo Trindade ("Trindade") entered into an employment agreement (the "Agreement") with defendant Grove Services, Inc. ("Grove") and became Grove's Sales Director for Latin America.  (Declaration of Nicholas R. Cassie In Support of Motion to Dismiss Ex. A (Agreement); Amended Complaint ¶¶ 5-6).[1]  Under his employment contract with Grove, Trindade was entitled

---

[1] In deciding the sufficiency of a complaint, the Court may rely on documents to which the factual allegations of the complaint are expressly linked.  See Peter Pan Bus Lines, Inc. v. Greyhound Lines,

1

to a commission "equal to fifteen percent of the Net Profits attributable to [sales generated and managed by Trindade] to the extent such Net Profits exceed US$150,000 in the aggregate in any calendar year." (Agreement § 4(d)(i)).  The term Net Profits is defined as the gross amount of sales generated by Trindade, minus deductions for costs of goods sold, corporate overhead, and working capital. (Agreement § 4(d)(ii)).  The Agreement gives Grove the right to classify all costs and calculate proportionate amounts based on any reasonable allocation.  (Agreement § 4(d)(iii)).  All commissions were due to be paid "within sixty (60) days after the relevant calendar year."  (Agreement § 4(d)(ii)).

On April 15, 2019, Trindade filed his initial complaint against Grove.  (Complaint [Docket No. 1] ¶¶ 9, 12-25).  Trindade's original complaint contained Massachusetts Wage Act and breach of contract claims alleging Grove's under-payment of commission for 2015 in an unspecified amount.  (See Complaint [Docket No. 1]).  After obtaining leave from the Court, Trindade filed his Amended Complaint on July 24, 2020.  [Docket No. 42].  In the Amended Complaint, Trindade added 2016 to his Wage Act claim in Count I, again for purported under-payment of commission in an unspecified amount. (Amended Complaint ¶¶ 22-23).   In Count II, Trindade alleged additional breach of contract claims for 2013-14 and 2016, again for unspecified amounts.  (Amended Complaint ¶¶ 22-23, 28-31).  The crux of all of Trindade's claims is that Grove purportedly made improper deductions in calculating Trindade's commissions for 2013 through 2016, but for none of those four years does Trindade allege how much he was purportedly underpaid.  (Amended Complaint ¶¶ 17-31).

---

Inc., 189 F. Supp. 3d 217, 219 n. 2 (D. Mass. 2016) (relying on contracts referenced in complaint to dismiss claims).

**Argument**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Higgins v. State Street Corp., 323 F. Supp. 3d 203, 205 (D. Mass. 2018) (granting motion to dismiss and quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken." Higgins, 323 F. Supp. 3d at 205. "Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." Higgins, 323 F. Supp. 3d at 206.

"Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions." Higgins, 323 F. Supp. 3d at 206 (citing Ashcroft v. Iqbal, 566 U.S. 662 (2009)). "Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action." Higgins, 323 F. Supp. 3d at 206. "Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct." Higgins, 323 F. Supp. 3d at 206.

Here, as set forth below, Count I of Amended Complaint should be dismissed because it contains claims that are barred by the statute of limitations. Likewise, the breach of contract claims in Count II arising from the 2013 employment year should be dismissed because they too are time-barred.

I. The 2013 Contract Claim and 2015 and 2016 Wage Act Claims Are Time-Barred

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense are clear on the face of the plaintiff's pleadings." Trans-Spec Truck Service, Inc. v. Caterpillar, Inc., 524 F. 3d 315, 320 (1st Cir. 2008) (affirming dismissal). A plaintiff bringing a claim under the Massachusetts Wage Act must do so "within three years of the violation." Mass. Gen. Laws ch. 149, § 150. Under the Wage Act, a violation regarding commissions occurs when the commissions are due and payable. Mass. Gen. Laws ch. 149, § 148. The statute of limitations for a breach of contract action is six years. Callahan v. Wells Fargo & Co., 747 F. Supp. 2d 247, 252 (D. Mass. 2010) (granting motion to dismiss on statute of limitations grounds).

Under Massachusetts law, a claim added in an amended pleading must satisfy the statute of limitations unless there is grounds for it to "relate back" to a previous pleading. See Weber v. Community Teamwork, Inc., 434 Mass. 761, 785-86 (2001) (proposed amended claim did not relate back). Massachusetts relation back principles "are not so broad as to encompass any claim that was known to the complainant that could have been brought in a timely manner." Weber, 434 Mass. at 785-86. Instead, a claim in an amended complaint only relates back to the filing of the original complaint if the applicable law allows relation back or the new claim arises out of the same conduct, transaction, or occurrence set out in the initial pleading. Fed. R. Civ. P. 15(c)(1).

As set forth below, Trindade's Wage Act claims and his 2013 breach of contract claim are untimely.

A.  The Wage Act Claims Are Time Barred

Count I in the Amended Compliant adds a claim under the Massachusetts Wage Act for 2016 alleging that Grove failed to pay Trindade an unspecified amount of commission.  (Amended Complaint ¶¶ 18-26).  The original complaint asserted a Wage Act claim only for 2015.  (Complaint [Docket No. 1] ¶¶ 9, 12-25).  The Agreement explicitly requires that commissions must be paid within 60 days of the end of the year or by February 29, 2016 for the 2015 employment year and by March 1, 2017 for the 2016 employment year.  (Agreement § 4(d)(ii)).  Accordingly, any claim for underpayment for 2015 needed to be filed by no later than March 1, 2019.  See Mass. Gen. Laws ch. 149, § 150 (setting three-year statute of limitations for Wage Act claims).  The Court's docket reflects that Trindade did not file the initial complaint in this matter until April 15, 2019 [Docket No. 1] and his Wage Act claim for underpayment of commissions for 2015 is barred by the statute of limitations.  Mass. Gen. Laws ch. 149, § 150.[2]

Similarly, Trindade's Wage Act claim for underpayment of an unspecified amount of commission due on March 1, 2017 for the 2016 employment year was required to be filed no later than March 1, 2020.  Trindade alleged no claim for underpayment of wages for 2016 in the initial complaint and only included a claim for 2016 in the

---

[2] Grove asserted statute of limitations as an affirmative defense in its answer to the original complaint and thus may now move to dismiss Trindade's Wage Act claim for the 2015 employment year. See Coons v. Indus. Knife Co., Inc., 620 F.3d 38, (1st Cir. 2010) (party preserved statute of limitations defense by raising it as an affirmative defense); Moland v. Ceres, No. 1:16-cv-01073-LJO-SKO, 2017 WL 220309, at *3 (E.D. Cal. Jan. 18, 2017) (party entitled to move to dismiss amended complaint despite not moving to dismiss original complaint); Answer [Docket No. 8] Second Affirmative Defense ("The Complaint should be dismissed, in whole or in part, based on the expiration of the applicable statute of limitations.").  In the alternative, Grove respectfully requests that the Court grant judgment on the pleadings under Rule 12(c) with respect to the 2015 Wage Act claim, which is governed by the same standard set forth above.

Amended Complaint.  (Compare Complaint [Docket No. 1] (containing no claim for underpayment of commission for 2016) with Amended Complaint [Docket No. 42] (adding claim for underpayment of 2016 commission)).  Trindade did not seek leave to amend his complaint until June 15, 2020 and his Amended Complaint was not filed until July 24, 2020, both well after the March 1, 2020 deadline for asserting a Wage Act claim for 2016.  Accordingly, Trindade's Wage Act claims for unpaid commission for 2016 in unspecified amounts is also untimely and should be dismissed.  Mass. Gen. Laws ch. 149, § 150.

### B. The 2013 Breach Of Contract Claim Is Time Barred

Moreover, Trindade's new breach of contract claim for 2013 is also untimely. (See Amended Complaint ¶ 30 (breach of contract claim for 2013)).  Indeed, under the Agreement, commissions for 2013 were to be paid by no later than March 1, 2014 and any breach of contract claim relating to that obligation was barred after March 1, 2020. (See Agreement § 4(d)(ii), Callahan, 747 F. Supp. 2d at 252 (discussing six-year limitations period for breach of contract claims)).  Again, a complaint for 2013 commission in unspecified amounts filed on June 15, 2020 is untimely and should be dismissed.  Callahan, 747 F. Supp. 2d at 252.

### C. Relation-Back Principles Do Not Save The Time-Barred Claims

Trindade cannot save the 2013 contract or 2016 Wage Act claims asserted for the first time in the Amended Complaint by arguing that they relate back to the filing of Trindade's original complaint.  Under Rule 15, an amended pleading only "relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; [or] (B) the amendment asserts a claim or defense

6

that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1).[3]

Nothing in the Wage Act or in Massachusetts law allows for relation back in this situation. Trindade's new claims do not arise out of the same transaction or occurrence of his original claims. Indeed, each of Trindade's new claims pertain to commission in unspecified amounts owed for years other than 2015, involving different evidence and different calculations. As such, for statute of limitations purposes, the new claims in the Amended Complaint with respect to the 2013 and 2016 employment years do not relate back to the 2015 employment year claims in the original complaint. The Wage Act claims for 2015 and 2016, and the breach of contract claim for 2013 are untimely and should be dismissed.

II.     The Claims Against Victor Spivak Should Be Dismissed

"Individuals . . . cannot ordinarily be held liable under Massachusetts law for a breach of contract by their corporations." George Hyman Const. Co. v. Gateman, 16 F. Supp. 2d 129, 148 (D. Mass. 1998) (finding no personal liability). Rather, a plaintiff must establish that piercing the corporate veil is warranted to disregard the corporate form. George Hyman Const., 16 F. Supp. 2d at 149.

Here, Trindade does not allege any facts sufficient to hold defendant Victor Spivak ("Mr. Spivak"), Grove's president and treasurer, liable for Grove's alleged breach of contract. Rather, Trindade only alleges that Mr. Spivak should be liable for Grove's purported violation of the Massachusetts Wage Act. (See Amended Complaint ¶ 18 (alleging Mr. Spivak is personally liable for violations of Massachusetts Wage Act)). As

---

[3] Rule 15 also allows relation back for substitution of parties in certain circumstances. Fed. R. Civ. P. 15(C)(1)(C).

set forth above, Trindade's Wage Act claims are barred by the statute of limitations. Without any Wage Act claims, Trindade has no theory of liability against Mr. Spivak. As such, Mr. Spivak should be dismissed from this case, as he cannot be held liable for any breach of contract claims.

## Conclusion

Accordingly, Grove respectfully requests that this Court dismiss the Count I Wage Act claim, the breach of contract claim for 2013 in Count II and all claims against Victor Spivak.

Dated: August 7, 2020

Respectfully Submitted,

Grove Services, Inc. and Victor Spivak

By their attorneys,

/s/ Irwin B. Schwartz
Irwin B. Schwartz (BBO# 548763)
ischwartz@blaschwartz.com
Nicholas R. Cassie (BBO# 672698)
ncassie@blaschwartz.com
BLA Schwartz, PC
One University Ave., Suite 302B
Westwood, Massachusetts 02090
Phone:  781-636-5000
Fax:      781-636-5090

## Certificate of Service

I, Irwin B. Schwartz, as attorney for defendants Grove Services, Inc. and Victor Spivak, hereby certify that on this 7th day of August 2020, I filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Irwin B. Schwartz
Irwin B. Schwartz