UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAULO TRINDADE )
      Plaintiff, )
vs. )
)    CIVIL ACTION NO. 1:19-CV-10717-ADB
)
GROVE SERVICES, INC. and )
VICTOR SPIVAK, )
      Defendants )
)

# **PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Rule 7.2, Plaintiff hereby moves to file documents under seal that are relevant to the pending motion to compel and the Defendants' response to the same. As grounds for this Motion, Plaintiff states as follows:

1. In this action, Plaintiff Paulo Trindade (hereafter, "Plaintiff"), a former employee of the corporate defendant Grove Services, Inc., asserts claims in violation of G.L. c. 149, §§ 148 - 150, Failure to Timely Pay Due and Payable Wages Versus All Defendants, and a breach of contract claim.

2. In response to this Court's order, the Defendants produced an assortment of documents, which they seeming designated as "confidential," preventing their disclosure without Court approval.

3. The Plaintiff has now brought a further motion to compel and for sanctions.

4. The Defendants seemingly rely on the incorrect notions that the documents sought in the further motion to compel were not previously requested, were not be provided in accordance with this Court's prior order, and the documents provided were "extensive."

5. It has been previously held that a "presumptive right of access attaches to those materials 'which properly come before the court in the course of an adjudicatory proceeding and which are relevant to that adjudication,'" In re Providence Journal Co., 293 F.3d 1 (1st Cir. 2002) quoting, FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412-13 (1st Cir. 1987). However, "[a] court may impound materials upon a showing of good cause." Fed. R. Civ. P. 26(c). "What constitutes 'good cause,' and therefore what concerns can justify a document being filed under seal, depends on the nature of the filing." Bradford & Bigelow, Inc. v. Richardson, 109 F. Supp. 3d 198, 297 (1st Cir. 2015) Further, "[p]arties seeking to seal documents must explain, on a document-by-document basis, why sealing is required and how their request satisfies the applicable legal standard." Id.

6. These additional documents are documents produced by Defendants in response to the Court's prior order. These documents only pertain to 2015. These documents are all stamped as "Confidential." Plaintiff understands that Grove Services, Inc. is a privately-owned and operated company. Plaintiff further understands that these documents may contain sensitive information regarding the finances of Grove Services and that harm may be caused to Defendants should these documents be publicly disclosed. In an attempt at preventing any unnecessary harm to Defendants, Plaintiff now files this Motion to impound.

7. Impounding these documents does not result in prejudice to either party. The parties already possess the documents through discovery and will be able to appropriately utilize them at trial. Alternatively, the impoundment of said documents would protect Defendant from any unwanted attention by the public regarding their finances and would allow the parties to move on in this litigation.

For the reasons stated above, Plaintiff respectfully requests that the Court grants Plaintiff's Motion to File Documents Under Seal.

Dated: 9/18/2020

Respectfully Submitted,
Plaintiffs,
By its Attorney,

/s/ David Summer
David B. Summer
david@summerlaw.com
BBO# 634514
100 State Street, Suite 900
Boston, MA 02109
(617) 695-0050

## CERTIFICATION PURSUANT TO LR 7.1(a)(2)

Pursuant to LR (D. Mass) 7.1(a)(2), the Plaintiff certifies that he conferred with Defendant's counsel on its MOTION TO FILE DOCUMENTS UNDER SEAL via telephone (on 9/15/20). The Defendant indicated that he did not know if he would be opposing this motion.

Dated: 9/18/2020

Respectfully Submitted,
Plaintiffs,
By its Attorney,

/s/ David Summer
David B. Summer
david@summerlaw.com
BBO# 634514
100 State Street, Suite 900
Boston, MA 02109
(617) 695-0050

CERTIFICATE OF SERVICE

I certify that I served the within document upon Defendant's counsel this 18th day of September 2020, via email using the ECF system.

/s/ David Summer
David B. Summer