UNITED STATES DISTRICT COURT
DISTRICT OF MASSACUSETTS

| | |
|---|---|
| PAULO TRINDADE, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:19-CV-10717-ADB |
| ) | |
| GROVE SERVICES, INC. and ) | |
| VICTOR SPIVAK, ) | |
|    Defendants. ) | |

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE BOWLER'S RULING REGARDING PLAINTIFF'S FURTHER MOTION TO COMPEL ENTERED ORALLY ON 10/5/2020 AND ON THE DOCKET 10/6/2020

The Plaintiff hereby submits this objection to the decision of Judge Bowler, denying the Plaintiff's Further Motion to Compel in its entirety. The Plaintiff further states as follows:

This action was brought against Defendant Grove Services, Inc. (hereafter "Grove" of "the Company") and its President, Defendant Victor Spivak by Plaintiff Paulo Trindade, former employee of the corporate Defendant. This suit alleges violations of G.L. c. 149, §§ 148 – 150 and breach of contract claim.

On September 24, 2010, Plaintiff entered into an at-will employment contract with Defendants. The Plaintiff was hired as Product and Sales Director for Latin America. In addition to his role as director, Plaintiff was in charge of Grove Services' offices in Atlanta, Georgia. In return for these services, Plaintiff was to be compensated with a base salary of $130,000 per year in addition to a commission on sales generated in excess of $150,000, equal to 15% of the "net profits" of said sales, payable the following calendar year. Plaintiff's Complaint ¶ 7.

"Net profits" was calculated via a formula delineated in the contract. Relevant to this action, it was gross sales, minus the cost of goods sold, minus transportation and other charges related to the sale, minus a proportionate amount of the salaries for employees of the Atlanta

office, minus a proportionate amount of overhead of the Atlanta office and those reasonably apportioned to the Atlanta office, and a proportionate amount of a fifteen percent return of the capital investment of the Atlanta office.

The Defendants have resisted providing discovery during the entirety of this case. It is clear that their resistance is solely designed to prevent the Plaintiff from correctly calculating the numbers and showing that the Defendants failed to pay the Plaintiff's commissions due and payable.

In response to two sets of Request for Production of Documents, the Defendants produced minimal documents mainly consisting of self-created spreadsheets that could not be verified by the Plaintiff. The Plaintiff then sought to notice the Defendants' depositions (Mr. Victor Spivak, as the sole owner and manager of Grove Services, LLC and a 30(b)(6) of Grove Services) in November 2019. The Defendants provided numerous excuses and delayed the scheduled depositions numerous times. The Plaintiff was first able to take Victor Spivak's deposition on August 20, 2020. His deposition was for himself individually and as part of the 30(b)(6) deposition. Grove Services has indicated that another individual, Jason Gordon, would provide the remainder of the information sought in the 30(b)(6) notice.

Prior to the depositions being rescheduled, the Plaintiff filed a motion to compel in July 2020. On July 23, 2020, this Court (Bowler, J.) ordered the Defendants to supplement its document production to produce the source documentation for four numbers that factored into the Plaintiff's commission payment calculation: the overhead number totaling almost $2 million dollars; the Plaintiff's invoices totaling over $20 million dollars; the documents concerning a loss deducted from the Plaintiff's gross profit of approximately $300,000; and the capital

investment number totaling almost $900,000.  The Defendants were ordered to produce these documents within fourteen days.

The Defendants produced some additional documents on August 6, 2020.  On August 7, 2020, the Defendants supplemented their responses to discovery purportedly to reflect the additional production on documents.  The Defendants' document production, however, was purposely evasive.

The relevant document requests asked for:

1. Any and all documents that provide any amounts that make up any portion of the corporate overhead of $1,916,979.09 for the 2015 year as detailed on the document produced as Grove 000040.

2. Any and all documents that provide any amounts that make up any portion of the cost of capital of $896,512.73 for the 2015 year as detailed on the document produced as Grove 000040.

The Defendants primarily produced additional self-created spreadsheets, credit card statements, and documents that provided aggregated numbers (so that the detailed numbers would be obscured and the documents would be hard to decipher by the Plaintiff).  The Defendant also produced significant documentation that was unrelated to the calculation of the four numbers that factored into the Plaintiff's commission payments.  For instance, the Defendants produced significant documentation regarding other subsidiaries, like Hong Kong and Germany, despite it not being requested as they did not factor at all into the Plaintiff's commission.  It would appear the only reason why this type of documentation was produced was to obfuscate and cause Plaintiff's counsel to waste time to review.

The documentation provided concerning the overhead does not provide the detail needed to easily ferret out Defendant Spivak's and other employees' personal/excludable expenses from the expenses that are includable in overhead calculation for the Plaintiff's commission purposes. The documents produced also do not allow the Plaintiff to calculate which expenses might be "reasonably apportioned to the Atlanta office" as the relevant employment contract dictates.

After the filing their opposition to the motion to further compel, the Defendants produced some additional documents. For example, they produced the front pages of the legal bills. The front page, however, does not give the detail needed to determine whether these expenses are "reasonably apportioned to the Atlanta office" or associated with personal matters of Mr. Spivak or his family.

The Defendants also offered to produce a spreadsheet, for attorney's eyes only, with all employee salaries. It is unclear why they would not produce redacted W-2s (redacting SSNs and addresses) other than to prevent verification by the Plaintiff using the actual source document. Judge Bowler did not order this to be provided, despite the Defendants seeming agreement to provide the same.

In response to the Court's prior order, the Defendants also indicated that the only documentation they had for "cost of capital" of $896,512.73 had been produced and they had "no additional documents responsive to this request." On September 15, 2020, after Defendant Spivak's deposition had already been taken and their opposition to the instant motion was filed, the Defendants conveniently produced additional documents. These documents provided a further breakdown of the base number used in the cost of capital calculation, but the Defendants failed to produce, without any explanation, the actual underlying documents.

This further self-created spreadsheet provided on September 15, 2020, provides no detail of how any of the amounts listed qualify as a "capital investment of the Company in the Atlanta office." As this further documentation was purposely provided after Defendant Spivak's deposition had been taken, rather than as ordered by the Court in early August, Plaintiff's counsel was not able to ask Mr. Spivak how, for example, how two different J.P. Morgan securities accounts might qualify as a "capital investment of the Company in the Atlanta office."

**Standard of Review**

Under Rule 72(a), the district court may set aside any portion of the order that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The Court should overturn a magistrate's decision if a definite mistake has been made. See United States v. Mehta, 236 F. Supp. 2d 150, 154 (D. Mass. 2002).

In refusing to produce all underlying documents, even after being ordered by this Court, "evinces a 'history of evasiveness and intransigence." Reyes-Santiago v. JetBlue Airways Corp., 932 F. Supp. 2d 291 (2013) quoting Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 12 (1985). They have turned discovery into "a "shell game, where the hidden ball is moved round and round and only revealed after so many false guesses are made and so much money is squandered." Reyes-Santiago v. JetBlue Airways Corp., 932 F. Supp. 2d 291 (2013) quoting Lee v. Max Int'l, LLC., 638 F.3d 1318, 1322 (10th Cir. 2011).

**Objections**

Trindade objects to the outright denial of the Plaintiff's motion without ordering any additional documents. The Defendants have now revealed that they never actually calculated the Plaintiff's exact commission for the most relevant year (2015). They never indicated in any of their written discovery responses that the figures provided were estimates.

Given the admission that the commission has never been calculated, it is clear that they Defendants have failed to provide all documents responsive to the Plaintiff's requests in order to be purposely evasive. Instead of having a limiting effect on this case, it will cause a large mess at the trial. This is because not having all the relevant documentation will now lead to extensive direct and cross examination concerning what is properly includable in "overhead" and "capital investment" for purposes of the Plaintiff's commission. Given the 10,000 or so entries in the overhead calculation, this testimony alone will last days.

Given that, this Court should order the Defendants to provide all documentation includable in the overhead and cost of capital numbers if they are relevant to the commission calculation of the Plaintiff. This documentation was clearly asked for by the Plaintiff and the only reason the Defendants do not want to provide the same is to "hide the ball" in this case.

**Conclusion**

For the reasons stated, this Court should reject the magistrate judge's recommended disposition. It should issue an order requested in the Plaintiff's motion:

a. All invoices and receipts for any item (cell phone, automobile expenses, gifts, agent/commissions fees, power bills, legal fees, etc.) included within overhead for purposes of determining the Plaintiff's commission for 2015;

b. All W-2s (address and social security number redacted) for any employees included within overhead for purposes of determining the Plaintiff's commission for 2015;

c. All documents demonstrating the full gross profit in 2015, used to determine the Plaintiff's percentage of the overall overhead;

d. All documents relating to the capital investment for 2015.

. WHEREFORE, the Plaintiff prays that this objection be allowed.

Dated: 10/14/2020

Respectfully Submitted,
Plaintiffs,
By its Attorney,

/s/ David Summer
David B. Summer
david@summerlaw.com
BBO# 634514
100 State Street, Suite 900
Boston, MA 02109
(617) 695-0050

CERTIFICATE OF SERVICE

I certify that I served the within document upon Defendant's counsel this 14 day of October 2020, via the Court's ECF System.

/s/ David Summer
David B. Summer