UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULO TRINDADE,<br><br>        Plaintiff,<br><br>v.<br><br>GROVE SERVICES, INC. and VICTOR SPIVAK,<br><br>        Defendants. | * * * * * * * * * * Civil Action No. 19-cv-10717-ADB |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS**

BURROUGHS, D.J.

    Plaintiff Paulo Trindade ("Plaintiff") brings this action against his former employer Grove Services, Inc. ("Grove") and its President and Treasurer, Victor Spivak ("Spivak," and with Grove, "Defendants"), alleging violations of the Massachusetts Wage Act and breach of contract in connection with commissions due to Plaintiff under his employment contract. [ECF No. 42 ("Am. Compl.")]. Currently before the Court is Defendants' motion to dismiss, [ECF No. 46]. For the reasons set forth below, Defendants' motion, [ECF No. 46], is <u>GRANTED</u> in part and <u>DENIED</u> in part.

**I.    BACKGROUND**

    **A.    Factual Background**

    The following facts are taken from the amended complaint, [Am. Compl.], the factual allegations of which are assumed to be true when considering a motion to dismiss, Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

    Plaintiff is Grove's former Sales Director for Latin America. [Am. Compl. ¶ 5]. He and Grove entered into an employment contract pursuant to which Plaintiff was to be compensated

for his services through an annual salary and a commission. [Id. ¶ 6]. Under the contract, the commission for a given calendar year would be based on fifteen percent of Grove's net profits on annual sales over $150,000.00 and would be paid in the next calendar year. [Id. ¶ 7]. Per the parties' contract, certain items were deducted from net profits for the purposes of calculating Plaintiff's commission. [Id. ¶ 8]. Plaintiff alleges that from 2013 until Plaintiff left Grove in 2017, Grove improperly reduced Plaintiff's commissions by inflating certain deductions, such as by deducting overhead for the entire company and not just overhead for the Atlanta office where Plaintiff worked. [Id. ¶¶ 9, 10]. In 2015, for example, Grove and Spivak improperly calculated the costs of capital and then deducted this amount from Plaintiff's net income, thereby wrongly reducing his commission. [Id. ¶ 11]. In addition, Defendants improperly deducted the same losses from Plaintiff's net income in multiple years, which also reduced his commissions. [Id. ¶ 12]. This all resulted in Plaintiff being paid less than he was due under the parties' contract. [Id. ¶ 13].

When Plaintiff confronted Spivak about Plaintiff's reduced 2015 commission, Spivak told him that Grove could not pay Plaintiff more because of Grove's losses in other markets. [Am. Compl. ¶ 14]. Per the terms of the employment contract, however, Defendants were not allowed to reduce Plaintiff's commission due to losses in other markets. [Id.].

    **B.**     **Procedural Background**

Plaintiff filed his original complaint on April 15, 2019. [ECF No. 1]. By June 2019, the parties were engaged in discovery. [ECF No. 12]. On June 15, 2020, Plaintiff filed a motion to amend, [ECF No. 25], which Magistrate Judge Bowler granted at a hearing on the motion on July 23, 2020, [ECF No. 41]. Plaintiff filed his amended complaint on July 24, 2020, [Am.

Compl.], and Defendants moved to dismiss on August 7, 2020, [ECF No. 46]. Plaintiff opposed the motion, [ECF No. 51], and Defendants filed a reply, [ECF No. 59].

## II. LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff. See Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019) (citations omitted). "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)). The alleged facts must be sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

"To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44–45 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 44 (quoting Iqbal, 556 U.S. at 679). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible . . . ." Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 14 (1st Cir. 2011)). "The plausibility standard invites a two-step pavane." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (citing Grajales, 682 F.3d at 45). First, the Court "must separate the complaint's

3

factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)).  Secondly, the Court "must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Morales-Cruz, 676 F.3d at 224).

### III. DISCUSSION

#### A. Statutes of Limitations and Relation Back

Defendants move to dismiss Plaintiff's amended complaint as being barred by the statutes of limitations for Wage Act and breach of contract claims, and as not relating back to the original complaint. [ECF No. 47]. Specifically, Defendants argue that Count I, alleging violation of the Massachusetts Wage Act, should be dismissed in its entirety and that Count II, alleging breach of contract, should be dismissed as to Plaintiff's new allegations about conduct that occurred in 2013. [Id. at 8]. Plaintiff contends that his claims are not time-barred and that the new allegations raised in his amended complaint relate back to conduct that was alleged in his original complaint. [ECF No. 51 at 2–5].

"To prevail on a statute of limitations defense at the motion to dismiss stage, 'the facts establishing that defense must (1) be definitively ascertainable from the complaint and other allowable sources of information and (2) suffice to establish the affirmative defense with certitude.'" Nat'l Ass'n of Gov't Emps. v. Mulligan, 854 F. Supp. 2d 126, 131 (D. Mass. 2012) (quoting Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 324 (1st Cir. 2008)). "Claims for breach of contract . . . must be brought within six years after the cause of action accrues . . . ." Patsos v. First Albany Corp., 741 N.E.2d 841, 846 n.6 (Mass. 2001). "[T]he Wage Act, which requires employers to make timely payment of wages to employees . . . has a three-year statute of

4

limitations." Crocker v. Townsend Oil Co., Inc., 979 N.E.2d 1077, 1082 (Mass. 2012). Both statutes of limitations, however, may be tolled by the Massachusetts "discovery rule." See Crocker v. Townsend Oil Co., 979 N.E.2d 1077, 1083 (Mass. 2012) (applying discovery rule to Wage Act claim); Sullivan v. Gilson, 2019 Mass. App. Unpub. LEXIS 235, at *4–5 (Mass. App. Ct. Apr. 1, 2019) (applying discovery rule to breach of contract claim). This discovery rule "triggers the accrual of the cause of action for purposes of the statute of limitations 'when a plaintiff discovers, or any earlier date when she should reasonably have discovered, that she has been harmed or may have been harmed by the defendant's conduct.'" Sheedy v. Deutsche Bank Nat'l Tr. Co. (In re Sheedy), 801 F.3d 12, 20 (1st Cir. 2015) (quoting Epstein v. C.R. Bard, Inc., 460 F.3d 183, 187 (1st Cir. 2006)).

In Count I of his amended complaint, Plaintiff alleges that Defendants failed to pay him the correct amount of his commission when they paid his calendar year 2015 commission on April 21, 2016. [Am. Compl. ¶ 21]. In addition, Plaintiff alleges that Defendants failed to pay him the correct amount of his commission for calendar year 2016 when Defendants paid his commission in 2017. [Id. ¶ 22]. Defendants argue that, per the terms of the parties' contract, Plaintiff's annual commission would "be calculated by [Grove] and paid to [Plaintiff] within sixty (60) days after the relevant calendar year end." [ECF No. 48-1 at 3].[1] For calendar year

---

[1] When reviewing a motion to dismiss under Rule 12(b)(6), the Court "may consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'" Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). "This is true even when the documents are incorporated into the movant's pleadings." Id. (citing Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998)). A court, however, "will only take into consideration the existence and contents" of such documents and "will not assume the truth of the findings asserted therein . . . ." Barnstable Cty. v. 3M Co., No. 17-cv-40002, 2017 U.S. Dist. LEXIS 207414, at *15 (D. Mass. Dec. 18, 2017).

2015, payment was due by February 29, 2016 and for calendar year 2016, payment would have been due by March 1, 2017.

The Wage Act applies "to the payment of commissions when the amount of such commissions, less allowable or authorized deductions, has been definitely determined and has become due and payable to such employee . . . ." Mass. Gen. Laws ch. 149, § 148.  In his opposition, Plaintiff attached a copy of an email chain between Plaintiff and Spivak from April 19, 2016, in which Spivak informed Plaintiff of the amount of commission he was being paid and noted that it would be in his "next payroll." [ECF No. 51-1 at 2]. In response, Plaintiff asked, "Is that the total?" and Spivak replied, "yes." [Id.]. While the Court may only make limited use of this document at the motion to dismiss stage, see Barnstable Cty. v. 3M Co., No. 17-cv-40002, 2017 U.S. Dist. LEXIS 207414, at *15 (D. Mass. Dec. 18, 2017), it does suggest that Plaintiff did not discover how much commission he was being paid for calendar year 2015 until April 19, 2016, which would bring his original complaint, filed April 15, 2019, within the three-year statute of limitations for Wage Act claims.[2]

As to Plaintiff's addition of an allegation that he was not properly compensated under the parties' agreement for commissions due for calendar year 2013, Defendants argue that the amended complaint, filed on July 24, 2020 is untimely given the six-year statute of limitations on contract claims. [ECF No. 47 at 6]. Defendants argue that, because the commission on calendar year 2013 sales was due on March 1, 2014, Plaintiff was required to bring his claim no later than

---

[2] Defendants argue that, because the parties' contract required Grove to make commission payments sixty days after the end of the calendar year, Plaintiff's commission was due and payable under the statute by February 29, 2016, so that Plaintiff's April 15, 2019 complaint would be time-barred. [ECF No. 47 at 5]. Here, however, it appears that Plaintiff's commission for calendar year 2015 was not actually paid, or determinable under the statute, until mid-April 2016, see Mass. Gen. Laws ch. 149, § 148, and that Plaintiff may not have learned the total amount of his commission until that date.

March 1, 2020. [Id.]. Plaintiff argues that the additional allegation regarding his calendar year 2013 commission relates back to the conduct he alleged in his original complaint, namely failing to properly calculate Plaintiff's commission. [ECF No. 51 at 4].

"Where compliance with a statute of limitations is at issue, 'factual disputes concerning when a plaintiff knew or should have known of his cause(s) of action are to be resolved by the jury.'" Patsos, 741 N.E.2d at 847 (quoting Riley v. Presnell, 565 N.E.2d 780, 787 (Mass. 1991). As a result, such questions are not ripe for adjudication at the motion to dismiss stage, where the Court must rely on the allegations of the complaint. See Gov't Emples. Ins. Co. v. Barron Chiropractic & Rehab., P.C., No. 16-cv-10642, 2017 U.S. Dist. LEXIS 130278, at *19–20 (D. Mass. Aug. 16, 2017) (denying motion to dismiss where it was unclear whether Plaintiff knew or should have known facts supporting their cause of action). Nor is resolution of these questions typically appropriate at summary judgment. See Stanley v. Schmidt, 369 F. Supp. 3d 297, 314–15 (D. Mass. 2019) ("Ultimately, the question of when a plaintiff should have known and when a plaintiff should have asserted her rights, are questions of fact 'often unsuited for summary judgment' unless 'the facts regarding discovery of harm are undisputed.'" (quoting Mass. Hous. Opportunities Corp. v. Whitman & Bingham Assocs., P.C., 983 N.E.2d 734, 737 (Mass. App. Ct. 2013))).

At this stage, based on the facts alleged and the limited evidence provided to the Court in the parties' briefings on Defendants' motion, the Court cannot determine whether any of the claims are time-barred. For the same reasons, the Court cannot now determine whether the additional allegations raised in Plaintiff's amended complaint, regarding alleged miscalculation of commissions for additional years, relate back to his original complaint. See Cruz v. Bos. Litig. Sols., No. 13-cv-11127, 2015 U.S. Dist. LEXIS 190646, at *17 (D. Mass. July 1, 2015)

7

("[R]elation back issues are better decided in the context of a motion for summary judgment on the grounds that a claim asserted in an amended complaint is time-barred."), adopted by 2015 U.S. Dist. LEXIS 190634 (D. Mass., July 16, 2015). Drawing all reasonable factual inferences in favor of Plaintiff, see Gilbert, 915 F.3d at 80, Defendants' motion to dismiss on statute of limitations or relation-back grounds is DENIED.

### B. Claims as to Spivak

In their motion to dismiss, Defendants also ask the Court to dismiss Plaintiff's claims as to Spivak, stating that he cannot be held liable for the alleged breach of contract and Wage Act violations. [ECF No. 47 at 7]. Plaintiff did not address Defendants' argument as to the breach of contract claim against Spivak in his opposition. See [ECF No. 51]. Because "Plaintiff's opposition to Defendants' Motion to Dismiss fails to respond to Defendants' arguments that this claim should be dismissed[,] Plaintiff has waived" this claim as to Spivak. Mahoney v. Found. Med., Inc., 342 F. Supp. 3d 206, 217 (D. Mass. 2018) (citation omitted); see Agustsson v. E. Bos. Sav. Bank, No. 17-cv-11776, 2018 U.S. Dist. LEXIS 169193, at *5 (D. Mass. Sept. 29, 2018) ("[F]ailure to oppose this argument amounts to a waiver of any objection to it."); Perkins v. City of Attleboro, 969 F. Supp. 2d 158, 177 (D. Mass. 2013) (finding claim waived where Plaintiff's opposition failed to respond to Defendant's argument), adopted by 969 F. Supp. 2d 158 (D. Mass. 2013). Defendants' motion to dismiss Count II as to Spivak is therefore GRANTED.

Defendants' sole ground for seeking dismissal of the Wage Act claim against Spivak is the statute of limitations arguments discussed above. See supra, Section III.A. Although Plaintiff does not explicitly address these arguments in his opposition with reference to Spivak, the Court construes Plaintiff's statute of limitations counterarguments to relate to both

8

Defendants as Plaintiff references Defendants' (plural) throughout his opposition.  See [ECF No. 51 at 1–4].  Having already determined that Defendants' statute of limitations arguments are premature, Defendants' motion to dismiss Count I as to Spivak is DENIED.

## IV.     CONCLUSION

Accordingly, Defendants' motion to dismiss, [ECF No. 46], is GRANTED in part and DENIED in part.  Specifically, the motion is DENIED as to Count I.  With regard to Count II, the motion is DENIED as to Grove and GRANTED as to Spivak.

**SO ORDERED.**

November 9, 2020                                                             /s/ Allison D. Burroughs
                                                               ALLISON D. BURROUGHS
                                                               U.S. DISTRICT JUDGE