**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | | |
|---|---|---|
| PAULO TRINDADE,<br>Plaintiff,<br><br>v.<br><br>GROVE SERVICES, INC. and<br>VICTOR SPIVAK,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:19-cv-10717-ADB |

**PLAINTIFF'S MOTION IN LIMINE No. 9**
**FOR A NEGATIVE INFERENCE**

Plaintiff moves this Honorable Court to instruct the jury that a negative inference may be drawn concerning the credibility of the Defendants with respect to their maintenance of the records used in calculating Plaintiff's commission payments.

In discovery Plaintiff requested the production of "[a]ll documents that Defendant intends to use and exhibits and/or evidence . . . at trial." Pl.'s First Req. Prod. Doc. Req. No. 7. Plaintiff also sought "[a]ll documents used to calculate" the Plaintiff's commissions. Pl.'s First Req. Prod. Doc. Req. No. 17. Plaintiff also served Defendants with a Second Request for Production of Documents seeking documents to support the Defendants' claimed loss reserve, corporate overhead, and cost of capital for the year 2015. See Pl.'s Second Req. Prod. Doc. Nos. 2 – 4.

Defendants did not produce all documents responsive to these requests. Defendants should not be permitted to benefit from their failure to comply with their record keeping obligations. Instead, the jury should be instructed to draw a negative inference from the

Defendants' failure to keep adequate records. *Cf. Wiedmann v. The Bradford Group., Inc.*, 444 Mass. 698, 706 (2005) ("In this case, the judge did not abuse her discretion by ruling that the defendants, without documentary support, could not challenge the plaintiff's calculations or assert that the plaintiff was overpaid").

**WHEREFORE**, Plaintiff requests that this Honorable Court grant this Motion in Limine and preclude Defendants from attempting to introduce, reference, or rely upon documents or any other evidence that they did not produce in discovery.

Respectfully submitted,

Dated: December 13, 2021

The Plaintiff,
By his Attorneys,

*/s/Alan D. Meyerson*

Alan D. Meyerson (BBO #682515)
David B. Summer (BBO #634514)
100 State Street, Suite 900
Boston, MA 02109
(617) 444-9525
(617) 695-0050
alan@alandavidmeyerson.com
david@summerlaw.com

**Certificate Pursuant to Local Rule 7.1(a)(2) and 16.5(c)**

I, Alan D. Meyerson, herby certify that on December 13, 2021 I attempted to confer in good faith with counsel for Defendants via telephone to narrow or resolve the issue(s) raised by this motion prior to the filing of this motion. Defendants' counsel indicated via telephone on that they do not assent to Plaintiff filing this motion.

*/s/ Alan D. Meyerson*
Alan D. Meyerson

**Certificate of Service**

I, Alan D. Meyerson, certify that, to the best of my knowledge, this document, filed through the Court's ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 13, 2021.

*/s/ Alan D. Meyerson*
Alan D. Meyerson