UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

PAULO TRINDADE,
Plaintiff,

v.

GROVE SERVICES, INC. and VICTOR SPIVAK,
Defendants.

Civil Action No. 1:19-cv-10717-ADB

**JOINT PRETRIAL MEMORANDUM**

**A. Names, Address, and Telephone Numbers of Trial Counsel**

PLAINTIFF
Alan D. Meyerson
David B. Summer
100 State Street, Suite 900
Boston, MA 02109
Tel: (617) 444-9525
Tel: (617) 695-0050

DEFENDANTS
Irwin B. Schwartz
Sara Khan
Garrett A.D. Gee
BLA Schwartz, PC
One University Ave., Suite 302B
Westwood, MA 02090
Tel: 781.636.5000

**B. Jury Demand**

Plaintiff and Defendants each respectfully request a trial by jury.

**C. Concise Summary of the Evidence**

PLAINTIFF

This civil action was brought by Plaintiff Paulo Trindade ("Trindade" or "Plaintiff") against Defendant Grove Services, Inc. ("Grove" or "the Company") and its President,

Defendant Victor Spivak ("Spivak") (Grove and Spivak collectively referred to as "Defendants"). Trindade is a former employee of the Defendants and alleges violations of G.L. c. 149, §§ 148 – 150 and breach of contract.

On September 24, 2010, Plaintiff entered into an at-will employment contract with Grove. The Plaintiff was hired as Product and Sales Director for Latin America. In addition to his role as Product and Sales Director, Plaintiff was in charge of Grove's office in Atlanta, Georgia. As remuneration for these services, Plaintiff was compensated with a base salary of $130,000 per year in addition to a commission on sales generated in excess of $150,000, equal to 15% of the "net profits" of the sales, payable the following calendar year.

"Net profits" was calculated via a formula delineated in the contract. Relevant to this action, it was gross sales, minus the cost of goods sold, minus transportation and other charges related to the sale, minus a proportionate amount of the salaries for employees of the Atlanta office, minus a proportionate amount of overhead of the Atlanta office and those reasonably apportioned to the Atlanta office, and a proportionate amount of a fifteen percent return of the capital investment of the Atlanta office.

The Plaintiff asserts that the Defendants have not properly paid his commission for the years 2013-2016.

<u>DEFENDANTS</u>

Grove will introduce evidence that, on or about September 24, 2010, Plaintiff Paulo Trindade entered into an employment agreement (the "Agreement") with Grove to serve as the Product and Sales Director for Latin America. *See* Decl. of Irwin B. Schwartz in Supp. of Defs.' Mot. for Partial Summ. J. ("Schwartz Decl.") [Dkt. No. 94] ¶ 2, Ex. A [Dkt. No. 94-1] (the Agreement). Mr. Trindade has admitted that he doesn't know whether he suffered damages in

2013, 2014, and 2016 and has no evidence showing he suffered damages for those years. (Defendants' Statement of Material Undisputed Facts [Dkt. No. 93] at ¶¶ 9-10, 13-14.) Mr. Trindade's expert, David Richards, used unreliable evidence to calculate Mr. Trindade's purported damages for 2015, which, when corrected, demonstrate that Grove owed Mr. Trindade nothing more for 2015.

Grove will demonstrate that it fully performed under the Agreement; in fact, in all relevant years, Grove paid Mr. Trindade in excess of what was required under the Agreement. Grove's expert, Joel Wacek, will testify that Mr. Richards used inappropriate accounting methods, that there is no reliable evidence that Grove owed Mr. Trindade commissions for 2015 under the Agreement, and that Grove's calculation methods to estimate that Grove owed Mr. Trindade no commissions for 2015 were reasonable.

**D. Statement of Stipulated Facts**

1. On or about September 24, 2010, Plaintiff Paulo Trindade ("Trindade" or "Plaintiff") entered into an employment agreement with Grove (the "Agreement"), an exporter of frozen meats, to be Grove's Sales Director for Latin America.
2. Trindade resigned from Grove on December 31, 2017.
3. Pursuant to the Agreement, Trindade was to receive a base salary, plus annual commissions on net profits associated with his sales, less deductions set forth in the Agreement, and could receive a discretionary bonus.
4. For 2013, in addition to his base salary of $130,000, Grove paid Mr. Trindade a performance commission and $50,000 in discretionary bonus.
5. For 2014, Grove paid Trindade a performance commission and $47,500 in discretionary bonus in addition to his base salary.

6. For 2015, Grove did not pay Trindade any amount for performance commission, but paid him a $50,000 discretionary bonus.
7. For 2016, Grove paid Trindade a commission in addition to his base salary.
8. On April 15, 2019, Mr. Trindade filed a civil action against Grove and Mr. Spivak alleging violation of the Massachusetts Wage Act and breach of contract in connection with Defendants' non-payment of commissions for 2015.
9. On July 24, 2020, Mr. Trindade filed an Amended Complaint against Grove and Mr. Spivak. In the Amended Complaint Count I, Mr. Trindade added alleged underpayment of commissions for 2016 to his Wage Act claim in an unspecified amount. (Amended Complaint ¶¶ 22-23). In Count II, Mr. Trindade alleged additional breach of contract claims for 2013, 2014, and 2016 for underpayment of commission in unspecified amounts. (Amended Complaint ¶¶ 28-31).

## E. Disputed Factual Issues

PLAINTIFF

1. Whether the Plaintiff was correctly paid his commission for the years 2013-2016.
2. Whether the Defendants paid some of Plaintiff's commissions into a retirement account rather than as wages.
3. Damages for the failure to pay the Plaintiff his full commission for the years 2013-2016.

DEFENDANTS

Whether Grove paid Mr. Trindade all commissions owed to him for 2013. Whether Mr. Trindade suffered any damages from any Grove deposit into Mr. Trindade's 401k account for 2013.

Whether Grove paid Mr. Trindade all commissions owed to him for 2014. Whether Mr. Trindade suffered any damages from Grove's deposit of $7,041.00 into Mr. Trindade's 401k account for 2014.

Whether Grove paid Mr. Trindade all commissions owed to him for 2015. Whether Mr. Trindade suffered any damages from Grove's deposit of $6,833.00 into his 401k account for 2015.

Whether Grove paid Mr. Trindade all commissions owed to him for 2016. Whether Mr. Trindade suffered any damages from Grove's $6,759.00 deposits into Mr. Trindade's 401k account for 2016.

Whether Grove's accounting allocation methods for calculation of Mr. Trindade's commissions in 2015 were reasonable.

**F. Jurisdictional Questions**

PLAINTIFF

1. None.

DEFENDANTS

1. None.

**G. Questions Raised by Pending Motions**

PLAINTIFF

1. Whether the Court should preclude Grove from adducing evidence or making arguments that Mr. Trindade failed to complain to Grove or Mr. Spivak about Mr. Trindade's commissions. [Dkt. No. 114].
2. Whether the Court should preclude Grove from introducing any evidence of its wage payment practices with regard to employees other than Mr. Trindade. [Dkt. No. 115].

3. Whether the Court should preclude Grove from adducing evidence or arguing at trial that Grove did not violate the Agreement or the Massachusetts Wage Act by making contributions to his retirement accounts. [Dkt. No. 116].

4. Whether the Court should preclude Grove from introducing, referencing, or relying upon unidentified documents or evidence that Mr. Trindade requested but Grove did not produce in discovery. [Dkt. No. 119].

5. Whether the Court should preclude Grove from arguing that Mr. Trindade cannot prove his damages. [Dkt. No. 123].

6. Whether the Court should instruct the jury that a negative inference may be drawn concerning Grove's credibility. [Dkt. No. 124].

7. Whether the Court should preclude Grove from adducing evidence or making arguments contained in Grove's expert's supplemental report. [Dkt. No. 125].

DEFENDANTS

1. Whether the Court should strike portions of the November 16, 2020 Expert Report of David J. Richards, CPA, MST and preclude related expected testimony of Mr. Trindade's proffered expert witness, David Richards. [Dkt. No. 109].

2. Whether the Court should preclude Mr. Trindade from introducing evidence that his damages in 2013, 2014, and 2016 are in excess of the difference between the value of what he received if the disputed compensation was paid to him as W-2 income instead of contributed to his retirement account. [Dkt. No. 118].

3. Whether the Court should preclude Mr. Trindade from introducing evidence of or referring to Mr. Spivak's wealth or Grove's size or contrasting the relative economic standing of the parties. [Dkt. No. 120].

    4. Whether the Court should preclude Mr. Trindade form introducing or referencing evidence regarding any of Mr. Spivak's personal and family expenses or the health and associated expenses of Mr. Trindade's child or his wife's recent medical issues. [Dkt. No. 121].

**H. Issues of Law, Including Evidentiary Questions**

PLAINTIFF

1. The Plaintiff asserts that the Defendants did not produce all documents that they have relied on in preparing their defense. The Defendants indicate that they produced certain documents via a Dropbox link, but refuse to say when the documents were purportedly produced. The Plaintiff cannot locate these documents in the various Dropbox links sent by the Defendants. The documents should have been produced to Plaintiff pursuant to Fed. R. Civ. P. 26.
2. The Plaintiff contends that Defendants did not pay Plaintiff all of his commissions but instead made payments to Plaintiff's retirement account in lieu of paying Plaintiff his commissions. In *Sullivan v. Sleepy's LLC*, 482 Mass. 227 (2019), the SJC held that in Massachusetts, "employers may not retroactively allocate payments made for one purpose to a different purpose" and must communicate "upfront . . . the breakdown of the amounts to the employees." *Id*. at 236. The SJC explained that "[i]f employers could undertake such retroactive reallocation of payments, they would . . . lack an incentive to comply with the wage and overtime statutes in the first place." *Id*. Under *Sleepy's*, the Defendants may not "retroactively allocate" the payments made to Plaintiff's retirement account as his commission payments and should not be permitted to introduce evidence or make arguments suggesting that, to the extent Defendants made payments into

Plaintiff's retirement account, they were relieved of the obligation to pay Plaintiff's commissions or that Defendants are entitled to a setoff for the amounts paid into Plaintiff's retirement account.

DEFENDANTS

a. Whether Mr. Trindade Can Establish By A Preponderance of the Evidence that Grove's Method of Calculating Mr. Trindade's Bonuses Was Inappropriate

Under Massachusetts law, contract language should be interpreted given its plain and ordinary meaning. *Legal Sea Foods, LLC v. Strathmore Insurance Company*, 523 F.Supp.3d 147, 151 (D. Mass. 2021) (granting motion to dismiss based on plain meaning in a contract both parties agreed to). Section 4(d)(ii) of the Agreement provides that "All classifications of costs shall be made by the Company and all calculations of proportionate amounts of such costs ***shall*** be made by the company in accordance with **any reasonable allocation** method selected by the Company." (emphasis added). "There is no doubt that the term "shall . . . normally creates an obligation impervious to judicial discretion." *De Leon-Serrano v. Northwestern Selecta, Inc.*, 2015 WL 1968598 *6 (D.P.R. 2015) ('shall' is the language of a command, and when the word shall can be reasonably read as mandatory, it should be). The plain meaning of the Agreement effaces any argument that Grove did not have discretion to determine the allocation method for Mr. Trindade's 2015 commission.

In determining what is "reasonable," courts look to industry practice. *See Standard Bent Glass Corp. v. Glassrobots Oy*, 333 F.3d 440, 448 (3d Cir. 2003) (considering industry norms in determining whether arbitration provision was reasonable); *Bull Bag, LLC v. Remorques Savage, Inc.,* No. 3:16-CV-1735 (VLB), 2017 WL 3763836, at *7 (D. Conn. Aug. 30, 2017) ("whether this three-month delay was reasonable is a question of fact that would require consideration of standard industry practices . . ."); *In re Oakley*, No. 99-10013-JMD, 1999 WL 33457792, at *3

(Bankr. D.N.H. Oct. 15, 1999) ("Ideally, one would compare the transaction at issue with standard industry practice as an aid in determining whether reliance was reasonable." (citation omitted)).

b. <u>Whether Mr. Trindade Can Establish By A Preponderance of the Evidence that His Notice to the Attorney General Was Sufficient For the 2016 Claims</u>

"An employee claiming to be aggrieved by a violation of sections . . . 148 . . . may, 90 days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and *within 3 years after the violation*, institute and prosecute in his own name and on his own behalf . . . a civil action for . . . any damages incurred, and for any lost wages and other benefits . . . ." Mass. Gen. Laws Ann. ch. 149, § 150 (West) (emphasis added). Here, Mr. Trindade's notice to the Attorney General, dated March 6, 2019, did not identify the time period for which he was claiming violations of the Massachusetts Wage Act or the amount. *See* Am. Compl. [Dkt. No. 42] ¶ 16. Mr. Trindade admitted, however, that he did not understand that he had a potential Wage Act claim for 2016 until he received Grove's document production in or around October 16, 2019. (Plaintiff's Undisputed Facts at ¶¶ 7-8.) This was long after the original notice to the Attorney General's office, which could not have considered 2016, and there is no dispute that Mr. Trindade failed to provide additional notice to the Attorney General for 2016. Thus Mr. Trindade will be unable to demonstrate by a preponderance of the evidence that he satisfied the notice requirement of the Wage Act for 2016.

a. <u>Whether Jason Gordon and Joel Wacek Should be excluded from this Court's Sequestration Order.</u>

Grove wishes to designate Jason Gordon as Grove's corporate designee to attend the entire trial. Thus, Mr. Gordon should be excluded from this Court's Sequestration Order [Dkt.

No. 130] under Rule 615(b) of the Federal Rules of Evidence. *See* Fed. R. Evid. 615(b). Grove also requests permission for Joel Wacek, Grove's expert witness, to attend the entire trial as he is essential to the defense of this action and falls within the Rule 615(c) exception. *Bartlett v. Mut. Pharm. Co.*, No. 08-cv-358-JL, 2010 WL 3092649, at *9 (D. N.H. Aug. 2, 2010) (quoting *United States v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1991) (there is "little if any reason to sequester a witness who is to testify in an expert capacity only and not to the facts of the case.")).

**I.    Requested Amendments to the Pleadings**

PLAINTIFF

1. None.

DEFENDANTS

1. None.

**J.    Additional Matters to Aid in the Disposition of the Action**

PLAINTIFF

1. None.

DEFENDANTS

1. None.

**K.    Probable Length of Trial**

PLAINTIFF

1. 1 week, including 1 full day for jury selection and 4 half days.

DEFENDANTS

1. Four days .

**L.    Names of All Witnesses**

PLAINTIFF

1. Paulo Trindade
2. David Richards

Mr. Trindade will testify to the facts alleged in the Complaint and Amended Complaint, including the proper commission payment for 2013, 2014, 2015, and 2016, the proper overhead for each of those years, the amounts he was paid and the breach of contract committed by the Defendants. Mr. Richards will testify consistent with his expert report regarding Mr. Trindade's 2015 commission and the improper allocation of overhead, unreasonable method of allocation of expenses, and the proper commission calculation.

DEFENDANTS

a. Victor Spivak
   1. Will be produced by defense counsel
   2. Will testify on his own and Grove's behalf as a percipient witness.

b. Jason Gordon (Grove Services Inc.'s corporate designee)
   1. Will be produced by defense counsel
   2. Will testify on behalf of defendant Grove Services, Inc. as a percipient witness.

c. Joel Wacek
   1. Will be produced by defense counsel
   2. Will testify solely as Defendants' expert.

## M. List of Uncontested Exhibits

1. Grove 00040
2. Grove 00040-1
3. Grove 00041
4. Grove 00054
5. Grove 2015 Bonus Summary (Profit and Loss) [Grove000059-001–Grove000059-054] [Deposition Exhibit 12]

    6. Grove 0001084-1085
7. Grove 000321-000437 [Deposition Exhibit 6]
8. Letter from Attorney General – Right to Sue
9. 2013 Bonus Summary [Deposition Exhibit 18]
10. 2014 Bonus Summary [Deposition Exhibit 19]
11. 2015 Bonus Summary [Deposition Exhibit 12]
12. 2016 Bonus Summary (end of the year only) [Deposition Exhibit 20]

**N. List of Exhibits to be Offered at Trial**

PLAINTIFF

1. In addition to Uncontested Exhibits identified above:
   a. Interrogatory Answers of the Defendants;
   b. Deposition of Victor Spivak
   c. Deposition of Jason Gordon
   d. Report of David Richards
   e. The Plaintiff reserves the right to use any documents produced by the Defendants in rebuttal of their arguments and to amend this list if further documents are produced by them.

DEFENDANTS

1. In addition to Uncontested Exhibits identified above and all exhibits identified by Plaintiff:
   a. Heads of Office Spreadsheet [Grove10000] [Deposition Exhibit 23]
   b. Trindade E-mails (July 21 – July 22, 2015) [Grove000182-Grove000184]
   c. Trindade E-mails (July 21 – July 23, 2015) [Grove000185-Grove000189]
   d. Payroll Spreadsheet [Grove000760] [Deposition Exhibit 14]

e.

f. Grove Services, Inc. and Affiliates Consolidated Financial Statements and Supplementary Information Years Ended December 31, 2015, and 2014 [Grove000111–Grove000136] [Deposition Exhibit 2]

g. Sales Screenshot [Deposition Exhibit 17]

h. Overhead Transaction Detail By Account January 2015 Through December 2015 (GSI Germany GmbH) [Grove000291–Grove000294] [Deposition Exhibit 3]

i. Overhead Transaction Detail By Account As of December 31, 2015 (Grove Services Hong Kong LTD) [Grove000295–Grove000308] [Deposition Exhibit 4]

j. Overhead Transaction Detail By Account January 2015 Through December 2015 (GSI Switzerland GmbH) [Grove000309–Grove000320] [Deposition Exhibit 5]

k. Overhead Transaction Detail By Account January 2015 Through December 2015 (GSI do Brazil) [Grove000438-Grove000453] [Deposition Exhibit 7]

l. Trindade E-mails (April 19 – April 28, 2016) [Grove000055-Grove000058] [Deposition Exhibit 21]

m. 2016 Performance Analysis [TRIN000008–TRIN000009]

n. Email re 2015 Bonus [Grove00005 –Grove00008]

o. Mr. Trindade’s Non-Payment of Wage Complaint Form/Request for Private Right of Action [TRIN000004–TRIN000007] [Deposition Exhibit 22]

p. Trindade Quantity Sold by Net Metric Ton 2013Q1–2016Q4 [Grove10088–Grove10089]

q. Grove Services, Inc. and Affiliates Consolidated Financial Statements and Supplementary Information Years Ended December 31, 2016 and 2015 [Grove10051–Grove10075]

Grove reserves the right to use any documents produced by the Defendants in rebuttal of their arguments and to amend this list if further documents are produced by them. In addition, Grove reserves the right to introduce all or portions of the following:

r. Expert Report of Joel Wacek [Deposition Exhibit 16]

s. Supplemental Expert Report of Joel Wacek

t. Expert Report of David Richards

u. Deposition of Paulo Trindade

v. Deposition of David Richards (Day 1 and Day 2)

**O. Positions on Any Remaining Objections to the Evidence Identified in Pretrial Disclosures**

PLAINTIFF

1. None.

DEFENDANTS

1. None.

**DATED: December 28, 2021**

**RESPECTFULLY SUBMITTED**,

| Plaintiff,<br>By his Attorneys,<br><br><br>*/s/ David B. Summer*<br>Alan D. Meyerson (BBO #682515) | Defendants,<br>By their Attorneys,<br><br><br>*/s/ Irwin Schwartz*<br>Irwin B. Schwartz (BBO# 548763) |
|---|---|

| David B. Summer (BBO #634514)<br>100 State Street, Suite 900<br>Boston, Massachusetts 02109<br>(617) 444-9525 Telephone<br>(617) 934-7715 Facsimile<br>alan@alandavidmeyerson.com<br>david@summerlaw.com | ischwartz@blaschwartz.com<br>Sara W. Khan (BBO# 680769)<br>skhan@blaschwartz.com<br>Garrett A.D. Gee (BBO# 708219)<br>ggee@blaschwartz.com<br>BLA Schwartz, PC<br>One University Ave., Suite 302B<br>Westwood, Massachusetts 02090<br>Phone: 781-636-5000<br>Fax: 781-636-5090 |
|---|---|

**Certificate of Service**

I, David B. Summer, certify that, to the best of my knowledge, this document, filed through the Court's ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 28, 2021.

*/s/ David B. Summer*
David B. Summer