UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAULO TRINDADE | : | Civil Action No. |
|  | : | 1:19-cv-10717-ADB |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | APPLICABILITY OF |
|  | : | DISCOVERY RULE TO |
| GROVE SERVICES, INC. and VICTOR SPIVAK | : | WAGE ACT |
|  | : | COMMISSION CLAIMS |
| Defendants. | : |  |

In temporally controlled statutory schemes, the discovery rule is generally inapplicable because "ordinarily, a statute of limitations begins to run when the cause of action accrues." *Rotkiske v. Klemm*, 140 S. Ct. 355, 359 (2019) (statute of limitations for Federal Debt Collection Practices Act ("FDCPA") commences upon alleged violation rather than upon discovery). After the recent Supreme Judicial Court decision in *Reuter v. Methuen*, 489 Mass. 465 (2022), causes of action under the Massachusetts Wage Act, M.G.L. ch. 149 § 148, for "lost wages" encompass employer late payments and an employee may commence a Wage Act claim the day after the unpaid wages were due regardless of the amount. *Id.* at 471. Accordingly, the subjective knowledge of the amount in dispute is irrelevant and the court should apply the "standard rule" that "the limitations period begins when the plaintiff can file suit and obtain relief." *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201, 204 (1997) (rejecting discovery rule's application to Multiemployer Pension Plan Amendment Action ("MPPAA") statute of limitations for repayment violations and noting the statute made discovery rule applicable to other violations).

In *Rotkiske v. Klemm*, the Supreme Court considered whether the discovery rule permitted the plaintiff to file a claim for violation of the FDCPA, 15 U.S.C. § 1692k(d), after the

one-year limitations deadline in the statute. 140 S. Ct. at 360. The Court found that the statute's one-year limitation commencing upon violation was clear and it was inappropriate for courts to enlarge the time to file a FDCPA claim under the discovery rule. 140 S. Ct. at 360-61 ("violation [is] the event that starts the one-year statute of limitation period"). Similarly, the Sixth Circuit found that the False Claims Act ("FCA") was "unequivocal" that "the limitations period commences when the retaliation actually happened," not when the plaintiff learned of it days later. *El-Khalil v. Oakwood Healthcare*, Inc., 23 F.4th 633, 635 (6th Cir. 2022). The Sixth Circuit explained, "the limitations period begins when the plaintiff can file suit and obtain relief," which is "the standard rule," not the exception. *Id.* (citing *Bay Area Laundry*, 522 U.S. at 201)). The Eleventh Circuit likewise declined to apply the discovery rule in a claim asserted under section 12(a)(1) of the Securities Act, 15 U.S.C. § 77l(a)(1). *Fedance v. Harris*, 1 F.4th 1278, 1286 (11th Cir. 2021) (discovery rule not applicable).

The Wage Act sets forth deadlines for payment of salaries and commissions to which employers must adhere or face strict liability. M.G.L. ch. 149 § 148.[1] For payment of commissions, a violation occurs upon the employer's failure to pay when the employee's entitlement is "due and payable" as provided by the employee's compensation plan. M.G.L. c.149, § 148; *McAleer v. Prudential Ins. Co. of Am.*, 928 F. Supp.2d 280, 287-89 (D. Mass. 2013) (interpreting Wage Act's application to commissions and denying motion to dismiss in relevant part). In *Reuter v. Methuen*, the Supreme Judicial Court held that employers are subject to strict liability for late payments to their workers as "lost wages", even if the full entitlement was paid a few days late. 489 Mass. at 471 (late payments are a violation).[2] Under the Wage

---

[1] The Wage Act applies to terminated as well as current employees. *Parris v. Sheriff of Suffolk Cty.*, 93 Mass. App. Ct. 864, 864 (2018) (current employees allowed to enforce Wage Act protections).
[2] The plaintiff in *Reuter* was paid in full three weeks after termination. 489 Mass. at 466-67.

claims must be brought "within three years after a violation thereof," yet the "limitation period shall be tolled from the date that the employee or a similarly situated employee files a complaint with the attorney general alleging a violation of any of these sections until the date that the attorney general issues a letter authorizing a private right of action." M.G.L. ch. 149 § 150. Courts should not read-in the discovery rule to toll the Wage Act's limitation period given the legislature explicitly contemplated tolling the Wage Act's limitations period in another context. *Rotkiske,* 140 S. Ct. at 361 ("Atextual judicial supplementation is particularly inappropriate").

The Supreme Judicial Court's ruling in *Crocker v. Townsend Oil Co.*, 464 Mass. 1 (2012) does not hold otherwise. In *Crocker v. Townsend*, plaintiffs filed claims for unpaid wages, some of which were earned outside of the three-year statute of limitations and argued that the discovery rule applied because the plaintiffs had been mischaracterized as independent contractors rather than employees. *Id.* at 8. The trial court found that the discovery rule did not extend their time to file under the Wage Act, which the Supreme Judicial Court affirmed on appeal. *Id.* at 4. In doing so, the Supreme Judicial Court undertook no legislative history or statutory analysis of whether the discovery rule should apply to Wage Act claims, but rather affirmed the trial court's decision that the claims were not saved by the discovery rule. *Id.* at 8.

The Wage Act applies to all amounts due and payable to the employee for the three years prior to the employee filing a complaint, plus the number of days for the attorney general's office to issue a right to sue letter. M.G.L. c.149, § 150. Here, to the extent that there were failures of defendant Grove Services, Inc. to pay plaintiff Paulo Trindade the full commissions due him, any Wage Act violation occurred 60 days after the end of the calendar year, as explicitly set forth in Mr. Trindade's employment agreement, after which deadline the payment was late and deemed "lost wages" under <u>Reuter</u>. [Dkt. No. 48-1 at 3 ("the Annual Commission shall be calculated by

the Company and paid to you within sixty (60) days after the relevant calendar year.")].[3]

The Court's docket reflects that Mr. Trindade filed his original complaint on April 15, 2019.  [Dkt No. 1].  Any allegedly unpaid commissions for 2015 would have been due and payable to Mr. Trindade on February 29, 2016, and any Wage Act violation for late wages would have accrued on March 1, 2016, more than three years and five days prior to the Complaint's filing.  Mr. Trindade's filed his proposed amended complaint seeking damages for commissions allegedly due to him for 2016 on June 15, 2020.  [Dkt No. 26-1].  Any allegedly unpaid commissions for 2016 would have been due and payable on March 1, 2017, and any Wage Act violation for late wages would have accrued on March 2, 2017, more than three years and five days before the Amended Complaint's filing by motion to amend.

Dated: April 19, 2022

        Respectfully Submitted,
        Grove Services, Inc. and Victor Spivak
        By their attorney,

        /s/ Irwin B. Schwartz
        Irwin B. Schwartz (BBO# 548763)
        ischwartz@blaschwartz.com
        BLA Schwartz, PC
        One University Ave., Suite 302B
        Westwood, Massachusetts 02090
        Phone:  781-636-5000
        Fax:     781-636-5090

---

[3] The undisputed documentary evidence will show that Mr. Trindade's counsel transmitted the Non-Payment of Wage Complaint Form to the attorney general's office by letter dated March 6, 2019.  The right to sue letter was issued by the attorney general's office on March 11, 2019.