UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAULO TRINDADE | : | Civil Action No. |
|  | : | 1:19-cv-10717-ADB |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | STIPULATED MOTION TO |
|  | : | FILE PLEADINGS UNDER |
| GROVE SERVICES, INC. and VICTOR SPIVAK | : | SEAL |
|  | : |  |
| Defendants. | : |  |

Pursuant to Local Rule 7.2 and the Protective Order [Dkt. No. 44] Defendants Grove Services, Inc. and Victor Spivak hereby respectfully move this Court for leave to file under seal Exhibits A [Dkt No. 189-1], B [Dkt No. 189-2], and C [Dkt No. 189-3] to the Stipulated Motion for the Court to Accept Expert Reports In Lieu of Direct Testimony and place under seal Exhibits B [Dkt. No. 142-2], C [Dkt. No. 142-3], and J [Dkt. No. 142-10] to the Declaration of Irwin B. Schwartz in Opposition to Motion In Limine No. 10.

In support of this motion, Defendants state:

1. The expert reports that are Exhibits A-C to Docket No. 189 and Exhibits B, C and J to Docket No. 142 contain confidential business and financial information, including but not limited to, revenues, expenses, and salary information of non-parties.

2. Where, as here, information is generally not public, the Court must balance privacy considerations against the publicity of proceedings. *H.S. Gere & Sons, Inc. v. Frey*, 400 Mass. 326, 509 N.E.2d 271 (1987) (holding that newspaper was not entitled to relief from impoundment order where information sought was not generally public information and parties and deposed witnesses had legitimate expectation that information would remain private).

3. The Defendants seek to protect confidential business information that would be detrimental to defendant Grove Services, Inc. and current and former employees if it were released to the general public. They have narrowly tailored their request to include only redacted excerpts from the expert reports and related exhibits.  For Docket No. 189, Defendants have filed redacted copies of the expert to allow the greatest possible transparency and request leave to do so for the same expert reports attached to Docket No. 142.

4. Good cause exists to allow this motion because the redacted excerpts to subject expert reports contain business information between two private parties and the motion to impound is narrowly tailored.

5. The Plaintiff stipulates to the relief requested herein.

Wherefore, Grove Services, Inc. and Victor Spivak respectfully request that this Court allow this Motion to Impound the full unredacted expert reports attached to Docket Nos. 142 and 189, that Defendants be allowed to file redacted versions of the aforementioned documents, and that the unredacted documents remain under seal until further agreement or orders, or until the conclusion of the case, whichever is earlier, at which time they will be retrieved by the parties or destroyed.

Respectfully submitted,
Grove Services, Inc. and Victor Spivak,
By their attorney,

/s/ Irwin B. Schwartz
Irwin B. Schwartz (BBO# 548763)
ischwartz@blaschwartz.com
BLA Schwartz, PC
One University Avenue, Suite 302B
Westwood, Massachusetts 02090
Phone:  781-636-5000
Fax:    781-636-5090

Dated: April 26, 2022

**Certificate of Service**

      I, Irwin B. Schwartz, attorney for defendants Grove Services, Inc. and Victor Spivak hereby certify that on this 26th day of April, 2022, the foregoing document was served on all counsel of record automatically through the Court's electronic filing system.

       /s/ Irwin B. Schwartz
      Irwin B. Schwartz