# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

|  |  |  |
|---|---|---|
| PAULO TRINDADE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. <u>1:19-cv-10717-ADB</u> |
| | ) | |
| GROVE SERVICES, INC. and | ) | |
| VICTOR SPIVAK, | ) | |
|     Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON PARTIAL FINDINGS

The Plaintiff, Paulo Trindade ("Trindade" or "Plaintiff") hereby opposes the Defendants' Motion for Judgment on Partial Findings (the "Defendants' Motion") and submits this Memorandum of Law in Opposition thereto (the "Opposition").

## INTRODUCTION

A Rule 52(c) motion for judgment on partial findings is the analogue of a Rule 50(c) motion for directed verdict in a jury trial. *See Federal Ins. Co. v. HPSC, Inc.*, 480 F.3d 26, 32 (1st Cir. 2007). A court should enter a judgment under Rule 52(c) only "[w]hen a party has finished presenting evidence and that evidence is deemed . . . insufficient to sustain the party's position." *Morales Feliciano v. Rullan*, 378 F.3d 42, 59 (1st Cir. 2004); *see also Halpin v. Atkinson-Kiewit, J.V.*, 894 F. Supp. 486, 494 (D. Mass. 1995) (Collings, M.J.) ("Rule 52(c) plainly permits the court to decline to render any judgment until the close of all the evidence.").

## ARGUMENT

I. **Breach of Contract Claim**

While the Defendants' Motion is replete with legal musings about the Wage Act and its applicable statute of limitations, the Defendants' Motion makes only cursory mention of the breach of contract claim. Indeed, the Defendants' Motion devotes more effort to rebuffing the non-existent claim for calendar year 2013, which Plaintiff waived at the outset of the trial, than it does to addressing the Plaintiff's breach of contract claim. *See* Ds.' Motion at 10 – 12.

With respect to the breach of contract claim, the most the Defendants can muster is the self-serving, conclusory assertion that "Trindade failed to prove that Grove Services violated any material terms of the Agreement during any year he alleges Grove Services breached the Agreement in that he failed to prove that Grove Services caused him damages." *See* Ds.' Motion at 10. The Defendants' Motion contains no explanation of how Plaintiff failed to prove that Grove Services violated any material terms of the Agreement. *Id*. Presumably, this is because Plaintiff has, in fact, proven such breaches of contract for calendar years 2014, 2015, and 2016.

In his case-in-chief, Plaintiff presented evidence that Defendant Grove Services breached its employment agreement with Plaintiff and thereby caused Plaintiff damages by *inter alia*: (i) making improper deductions from Plaintiff's earned commissions for calendar years 2014 and 2016 by deducting the amount of Grove Service's contributions to Plaintiff's retirement account from Plaintiff's commissions; (ii) failing to pay Plaintiff any commissions whatsoever for calendar year 2015 by attributing a host of improper expenses to Plaintiff which Grove could not properly take against Plaintiff's commission per the terms of the employment agreement; (iii) paying Plaintiff commissions at the rate of only 7.5% for calendar year 2016 when the

employment agreement plainly requires commissions be paid at the rate of 15%; and (iv) paying

Plaintiff's commissions late in calendar years 2014, 2015, and 2016.[1]  Plainly, Defendant Grove

Services breached its employment agreement with Plaintiff and Defendants' Motion betrays as

much by its perfunctory treatment of the subject.

## II.    <u>Wage Act Claim for 2016</u>

Much like their contention regarding the breach of contract claim, the Defendants' argument

with respect to the Wage Act claim for 2016 amounts to little more than a self-serving,

conclusory assertion. Specifically, the Defendants claim that "[n]othing in the Wage Act nor in

Massachusetts law allows for relation back in this situation," Ds.' Motion at 9, but offer no

explanation as to how the Defendants' reached this peculiar conclusion. The sole case cited by

the Defendants, *Weber v. Community Teamwork, Inc.*, 434 Mass. 761, does not mention or in any

way concern the Wage Act and, in any event, addresses the denial of a motion to amend a

complaint due to unexcused delay. *Id*. at 786. In this case, this Court has already permitted

Plaintiff to amend his complaint and the 2016 commissions are squarely part of Plaintiff's

amended complaint. ECF 42.

"The addition of new claims to an amended pleading does not alone defeat relation back;

the question instead is whether the initial pleading provided a defendant with adequate notice

of the potential new claims." *Quaak v. Dexia*, S.A., 445 F. Supp. 2d 130, 137 (D. Mass. 2006). This

Court has previously held that a complaint that stated a plaintiff was bringing claims "under

the Wage Act and stated that [an employer] was liable for non-payment of wages but did not

---

[1] Perversely, the Defendants have throughout the trial repeatedly, openly, and boldly touted their failure to timely pay Plaintiff's commissions in accordance with the terms of the parties' employment agreement as if this conduct (which conduct *ipso facto* constitutes a breach of the employment agreement) somehow inures to their benefit.

include claims under the FLSA or the Massachusetts Wage Act or any specific allegations regarding unpaid overtime" allowed for relation back of an FLSA claim asserted in an amended complaint filed after the statute of limitations had passed on those claims. *Badio v. G4S Solution USA*, C.A. No. 19-cv-12591-ADB, 2021 U.S. Dist. LEXIS 5295 (D. Mass. Jan. 12, 2021) (internal quotations omitted). Plainly, in this case, Plaintiff's initial pleading provided Defendants with "adequate notice of the potential new claims" because the Defendants' wage and commission payment practices were the entire subject matter of the initial pleading. *Quaak*, 445 F. Supp. 2d at 137. This is particularly true in light of the "liberal rules governing the amendment and relation back of pleadings" contained in Massachusetts law. *See Herrick v. Essex Regional Retirement Bd.*, 68 Mass. App. Ct. 187, 190 (2007). *See also Aker v. Pearson*, 7 Mass. App. Ct. 552, 554 (1979) ("This liberal approach to the amendment of pleadings, and their retrospective effect, has its theoretical roots in the idea that if an action was timely brought at the outset, every consideration ought to be given an amendment which would prevent the plaintiff's claim from being lost if an amendment were not allowed").

## III.  <u>Wage Act Claim for 2015</u>

In a remarkable display of interpretive sleight-of-hand, the Defendants cite the SJC's recent decision in *Reuter v. Methuen*, 489 Mass. 465 (2022) to bolster their argument that the discovery rule does not apply to Plaintiff's claims under the Wage Act. Nothing in *Reuter* deals with the discovery rule, let alone states that the discovery rule is inapplicable to Wage Act claims. The sole issue decided by the SJC in *Reuter* was "the proper measure of damages for the private right of action for Wage Act violations under G. L. c. 149, § 150, when the employer pays wages after the deadlines provided in the act but before the employee files a complaint." *Id.* at 466.

Indeed, not one of the cases cited by the Defendants in their motion holds that the discovery rule does not apply to claims under the Wage Act because, plainly, the discovery rule *does* apply to such claims.

The reason the discovery rule applies in this case is that, for calendar year 2015, unlike every other year that Plaintiff worked for the Defendants, the Defendants actively concealed how much *if any* commissions Plaintiff had earned. They did so by failing to provide Plaintiff with a commission statement breaking down how Plaintiff's commissions (or lack thereof) were calculated – a practice that Defendants admittedly engaged in *every other year* that Plaintiff worked for them. Indeed, the testimony at trial has demonstrated that Defendants provided Plaintiff with a calculation for 2015 *only after this litigation commenced*. Given Defendants' efforts to obscure how much if any commissions Plaintiff had earned,[2] the discovery rule plainly applies to this case.

**WHEREFORE**, Plaintiff requests that this Honorable Court DENY the Defendants' Motion for Judgment on Partial Findings.

Respectfully submitted,

Dated: May 4, 2022

The Plaintiff,
By his Attorneys,

*/s/Alan D. Meyerson*
Alan D. Meyerson (BBO #682515)
David B. Summer (BBO #634514)
100 State Street, Suite 900
Boston, MA 02109
(617) 444-9525
(617) 695-0050

---

[2] Indeed, *to this day*, the Defendants contend that Plaintiff did not actually earn any commissions for 2015, which makes their contention that Plaintiff should have known he was owed commissions for calendar year 2015 prior to April 2016 particularly audacious.

alan@alandavidmeyerson.com
david@summerlaw.com

**<u>Certificate of Service</u>**

     I, Alan D. Meyerson, certify that, to the best of my knowledge, this document, filed through the Court's ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 4, 2022.

*/s/ Alan D. Meyerson*

Alan D. Meyerson