UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | X | |
| PAULO TRINDADE | : | Civil Action No. |
| | : | 1:19-cv-10717-ADB |
| Plaintiff, | : | |
| | : | |
| v. | : | DEFENDANTS' OPPOSITION |
| | : | TO APPLICATION FOR |
| GROVE SERVICES, INC. and VICTOR SPIVAK | : | FEES AND COSTS |
| | : | |
| Defendants. | : | |
| | : | |
| | X | |

Defendants Grove Services, Inc. and Victor Spivak (together, "Grove") hereby oppose the

Motion for Attorney's Fees and Costs and Prejudgment Interest (the "Motion") filed by Plaintiff

Paulo Trindade and submit this Memorandum of Law in support of Grove's opposition.

**INTRODUCTION**

Mr. Trindade's application for $217,245.41 in fees and costs is excessive in that it fails to

discount for time and costs spent on failed claims for 2013, 2014 and 2015.  Moreover, even if the

Court is able to separate the compensable time for the 2016 Wage Act claim from the rest of the

request – as we try to do in the exhibits to the Declaration of Irwin B. Schwartz in Opposition to

Application for Fees and Costs ("Schwartz Opp. Decl.") -- the remaining the time entries are at

rates that this Court found excessive and are awash with block billing and padded and excessive

time entries.  Moreover, Mr. Trindade's interest rate calculation commences more than 14 months

before Mr. Trindade filed his claims for 2014 and 2016 upon which the Court awarded damages

and thus is overstated.  Accordingly, the Court should award Mr. Trindade no more than

$142,342.95 fees, costs and interest.[1]

---

[1]    Grove's time to notice an appeal of the Judgment [Dkt. No. 225] has not yet run and it reserves the right to

## PROCEDURAL HISTORY

On April 15, 2019, Mr. Trindade filed a complaint against Grove alleging violations of the Wage Act and breach of contract only as to 2015 commissions.  Complaint [Dkt. No. 1] ¶¶ 19, 24.  In the prosecution of his 2015 claims, Mr. Trindade vigorously disputed Grove's allocation of the cost of capital to him and the use of the "gross profit method" to assess his commissions. After extensive discovery focused exclusively on 2015, on June 15, 2020, Mr. Trindade moved to amend to add breach of contract claims for 2013 and 2014 and a Wage Act and breach of contract claim for 2016.  First Motion to Amend [Dkt. No. 25].  Mr. Trindade's Wage Act claim as to 2016 relied upon a new theory:  that Grove changed its method of calculating commissions for 2016 without his written permission, which he alleged underpaid him commissions in violation of the Wage Act.  First Amended Complaint [Dkt. No. 42] ¶¶ 22, 30.

Other than the depositions in this case, none of the discovery or expert witnesses related to 2016.  Instead, Grove made eight rounds of document production all focused on 2015.  Affidavit of Irwin B. Schwartz in Support of Opposition to Motion for Fees and Costs ("Schwartz Aff.") ¶ 6.  In addition, both parties retained experts, who testified exclusively as to 2015 commission calculations.  (Findings of Fact and Conclusions of Law [Dkt. No. 224] at 6-11.).  Mr. Trindade's expert witness, David Richards, prepared an expert report and a corrected expert report and was deposed for approximately seven hours on two separate occasions.  (Schwartz Opp. Decl. ¶ 7). Grove's expert, Joel Wacek issued two expert reports as to 2015 commission calculation methodology, which led Mr. Trindade to unsuccessfully move to exclude portions of the later report by as a sanctions motion and as a motion in limine.  (Motion for Sanctions Based on Defendants' Failures to Produce Documents and Inaccurate Representations to the Court [Dkt.

---

seek to vacate any award of fees, costs and interest should it prevail on appeal.

No. 159]; Tenth Motion in Limine to Exclude Late-Disclosed Expert Report [Dkt. No. 125];

Schwartz Opp. Decl. ¶ 8).

Immediately prior to trial, Mr. Trindade waived his jury claim and, at the opening of trial,

waived his 2013 breach of contract claim.  April 27, 2022 Trial Tr. at 10:1-11.  On February 23,

2023, Judge Burroughs entered judgment for Grove as to the 2015 Wage Act and breach of

contract claims and for Mr. Trindade in part and Grove in part as to the 2016 Wage Act claim and

2016 and 2014 breach of contract claims.  Judgment [Dkt. No. 225].

**ARGUMENT**

A.  MR. TRINDADE IS ONLY ENTITLED TO AN AWARD OF REASONABLE FEES AND
COSTS FOR THE 2016 WAGE ACT CLAIM

For Wage Act claims, Massachusetts courts generally follow the so-called "lodestar"

method for evaluating the reasonableness of a fee application.  *Jin Hai Li v. Foolun, Inc*., 273 F.

Supp. 3d 289, 293 (D. Mass. 2017) (lodestar method is appropriate for assessing attorney's fees in

Wage Act claims); *Ellicott v. Am. Cap. Energy, Inc*., No. CV 14-12152-FDS, 2017 WL 1224537,

at *1 (D. Mass. Apr. 3, 2017) (limiting prevailing plaintiff's award of costs and fees).  The

lodestar method begins by assessing a fair market rate for the time reasonably spent in

prosecuting a successful case.  *Ross v. Cont'l Res., Inc*., 73 Mass. App. Ct. 497, 515, 899 N.E.2d

847, 861 (2009) (award of attorney's fees was not justified).  In determining the base "lodestar"

figure, it is necessary to "exclude[e] those hours that are excessive, redundant, or otherwise

unnecessary."  *Ellicott*, No. CV 14-12152-FDS, at *2.

In calculating the lodestar, "no amount should be awarded for the time spent on

unsuccessful claims unless that time was so inextricably intertwined with the time spent on

successful claims that the two cannot be separated."  *Ross*, 73 Mass. App. Ct. at 516.  Even where

claims are brought against the same defendants, work on one claim which is unrelated to a

3

separate, successful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (amount of attorney's fees awarded must correlate to the extent of the prevailing party's success).  This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief.  *Hensley*, 461 U.S. at 434.

Here, Mr. Trindade originally brought only two claims both for 2015:  breach of contract and violation of G.L. C. 149, §§ 148-150.  (Complaint [Dkt. No. 1] ¶¶ 19, 24).  He then amended his complaint approximately 15 months later to add breach of contract claims for 2013, 2014 and 2016 and an additional Wage Act claim for  2016.  First Amended Complaint and Jury Demand (the "Amended Complaint") [Dkt. No. 42].  He withdrew is claim for 2013 on the first day of trial, lost in full on his Wage Act claim for 2015 commissions and prevailed on his 2016 Wage Act violation and breaches of contract for 2014 and 2016.  (Judgment [Dkt. No. 225] at 1).

Yet Mr. Trindade's application for fees and costs makes no distinction between work performed for the successful 2016 Wage Act claim and the remaining claims as to which judgement was entered against Mr. Trindade's claims or as to which claims he is not entitled to fees and costs.  (Plaintiff's Motion for Attorney's Fees and Costs and Prejudgment Interest and Supporting Memorandum of Law ("Motion for Fees and Costs") [Dkt. No. 227].  Instead, without any analysis, Mr. Trindade asks the Court to award him all the fees and costs incurred in connection with all claims regardless of whether he was entitled to fee shifting.  That is not reasonable and, as discussed more fully below, the Court should substantially discount any fees and costs and interest award.

B.  ALL FEES AND COSTS FOR 2013, 2014 AND 2015 CLAIMS SHOULD BE EXCLUDED

The fee applicant bears the burden of proving that the number of hours expended is

reasonable. *Ellicott*, No. CV 14-12152-FDS at \*2. An award of all fees may be excessive despite full documentation thereof where the movant achieved only partial or limited success after years of litigation. *Hensley*, 461 U.S. at 436. Simply submitting numerous bills without any attestation as to the division of the fees among the various claims is not sufficient to determine an appropriate fee amount, which is properly grounds for a diminution of awarded fees in *Ross*. 73 Mass. App. Ct. at 516. While Mr. Trindade may be entitled to the recovery of fees and costs as to his prevailing 2016 Wage Act claim, he is not entitled to bundle all fees and costs together and demand payment for the total, as he now seeks to do. *Killeen v. Westban Hotel Venture, LP.*, 69 Mass. App. Ct. 784, 792 (2007) (vacating award of attorney's fees for insufficient precision between the fees requested and the results of litigation).

It does matter that all the claims "are brought against the same defendants—often an institution and its officers, as in this case—counsel's work on one claim will be unrelated to his work on another claim. No fee should "be awarded for services employed pursuing an unsuccessful claim," unless the court finds that "the unsuccessful claims are sufficiently interconnected with the claims on which the plaintiff prevails." *Killeen*, 69 Mass. App. Ct. at 792; *Hensley*, 461 U.S. at 435. Mr. Trindade's 2016 Wage Act claim was not sufficiently intertwined with his unsuccessful 2015 Wage Act claim to justify an award of fees and costs for legal services performed on the 2015 claim. For 2015 Mr. Trindade claimed that Grove underpaid him commission based on allegedly inflating his portion of the company's overhead and by including overhead and expenses for Grove-owned entities outside of the Atlanta office in contravention of the Agreement. (Findings of Fact and Conclusions of Law [Dkt. No. 224] at 7). By contrast, for 2016, Mr. Trindade alleged that Grove's use of an updated formula for commission calculation violated the terms of his Agreement and resulted in a decreased

commission.  (Findings of Fact and Conclusions of Law [Dkt. No. 224] at 11-12).

Ultimately, the Court rejected both theories and found a violation of the Wage Act for 2016 based on Grove's late payment of commissions for 2016, which was not a part of Trindade's 2015 case in chief.  (Findings of Fact and Conclusions of Law [Dkt. No. 24] at 16-19; Judgment [Dkt. No. 25] at 1).  The unsuccessful 2015 Wage Act claim was not factually intertwined with the 2016 Wage Act claim and work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'"  *Hensley*, 461 U.S. at 434-35.  No fees or costs should be awarded in connection with Mr. Trindade's claims for 2013, 2014 or 2015.

1.   Plaintiff Failed To Demonstrate Reasonable Fees Devoted To The 2016 Wage Act Claim

The prevailing party bears the burden of demonstrating that the hours for which it seeks fees were reasonably spent on work towards successful claims and that time billed was not excessive, redundant, or spent on irrelevant issues.  *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 340 (1st Cir. 2008) (upholding reduction of fee award).  Neither Mr. Summer nor Mr. Meyerson provided the Court the basis to make such an assessment of their fees.  Nevertheless, a close inspection of the invoices reflects that a substantial portion of the requested fees and the great bulk of the proposed costs related to claims as to which there is no entitlement to fees and costs and should be excluded.[2]

The sole claim entitling Mr. Trindade to fees—his 2016 Wage Act claim—was not added until July 24, 2020, when Mr. Trindade amended his complaint.  Nevertheless, Mr. Trindade seeks fees incurred by Mr. Summer beginning on March 1, 2019.  (Affidavit of David Summer ("Summer Aff.") ¶ 17 & Exh. A [Dkt. No. 227-1]).  As set forth in the Schwartz Opp. Decl. Exh. A, which provides annotations to Mr. Summer's time entries, Mr. Summer seeks fees for

---

[2]      The Schwartz Opp. Decl. submits annotations to Messrs. Summer's and Meyerson's the time sheets upon which Grove proposes the Court should reduce the number of attorney hours upon which to base any award.

extensive work focused on 2015, which should not be included in any award.

Likewise, Mr. Trindade should not be awarded fees and costs for discovery focused on the 2015 Wage Act claim.  Indeed, other than the fact depositions in this case, none of the discovery related to Mr. Trindade's successful 2016 Wage Act claim.  That is because this Court (Bowler, M.J.,) expressly denied Mr. Trindade the right to take written and document discovery into his 2016 claims.  (Electronic Order [Dkt. No. 41]).  She then denied Mr. Trindade's motion to compel, which was affirmed by this Court.  (Electronic Order [Dkt. No. 41]; Electronic Order [Dkt. No. 88]).  As reflected in Exhibit A to the Schwartz Decl., none of the time billed to reviewing Grove document productions or moving to compel with respect to Grove's production of 2015 documents should be properly awarded in this fee application.

Nor should the Court award fees or costs associated with the either experts' reports, expert depositions, motion practice seeking to exclude expert testimony, or expert examination at trial.  As the Court noted in its Findings of Fact and Conclusions of Law, both experts testified only as to the 2015 Wage Act claim.  [Dkt. No. 224 at 9-11].  Accordingly, none of the $4,995 in fees incurred by Mr. Summer in assisting Mr. Richards in preparing his report or preparing him for deposition and or defending his deposition are properly awarded.  Nor should the Court award fees associated with the efforts of Mr. Summer and Mr. Meyerson on motion practice seeking to exclude Grove's expert testimony as to the 2015 Wage Act on which Grove twice prevailed. (Schwartz Opp. Decl. ¶ 8).  Finally, the Court should not award fees for the time spent examining or cross examining the experts at trial on May 2 and May 6, 2022, which we estimate to be four and a half hours.  (Schwartz Opp. Decl. ¶¶ 9-10).

2.  Fees Should Be Reduced For Block Billing And Excessive Entries at Inflated Rates

Massachusetts disfavors the use of "block billing" in fee applications, which refers to

"the time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *In re Volkswagen & Audi Warranty Extension Litig.*, 89 F. Supp. 3d 155, 176 (D. Mass. 2015) (reducing fee award for block billing).  When confronted with block billing, courts will apply a "global reduction to the lodestar hours," generally in the order of fifteen to twenty percent. *In re Volkswagen*, 89 F. Supp. 3d at 176.

Both Mr. Summer and Mr. Meyerson used block billing in their submitted fee application. For instance, on June 15, 2020, Mr. Summer billed $1,890 for:

"Review email from N. Cassie re: motion to amend; Preparation and assembly of email to Cassie re: same; Finalized motion to compel, memorandum and 7.1 Certificate; finalized motion to amend, memorandum and 7.1 certificate." (Summer Aff. ¶ 17 & Exh. A [Dkt. No. 227-1 at 8]).

Likewise, Mr. Meyerson billed once on December 13, 2021 for 4.5 hours, which included

"Conference call w/Atty Schwartz, Atty Khan, and Atty Summer re Motions in Limine; email initial draft of Motions in Limine to Atty Schwartz, Khan (LR 7.1 conference); Continue drafting/editing M in Limine; Review email from Atty Schwartz re D's M in Limine and attached files; Discuss M in Limine w/ Atty Summer; email exchange w/ Atty Schwartz re M in Limine." (Meyerson Aff. ¶ 13 & Exh. A [Dkt. No. 227-2 at 6]).

Moreover, a Court should calculate the time counsel "actually spent on the case and subtract duplicative, unproductive, or excessive hours." *Jin Hai Li*, 273 F. Supp. 3d at 294.  Upon close inspection, the invoices of Mr. Summer and Mr. Meyerson reflect duplicative and excessive hours.  For example, without explanation, Mr. Summer included two identical time entries for April 14, 2019.  (Summer Aff. ¶ 17 & Exh. A [Dkt. No. 227-1 at 6]).  On September 17, 2020,

Mr. Summer seeks 0.4 hours for reviewing a one-line email, which attached 33 pages of legal bills – all relating to 2015.  (Summer Aff. ¶ 17 & Exh. A [Dkt. No. 227-1 at 10]; Schwartz Decl. ¶ 4 & Exh. C).  Mr. Summer included an undefined amount of travel time to and from the Court for trial days, which are by definition unproductive and not properly compensable.  *Walters v. President & Fellows of Harvard Coll.*, 692 F. Supp. 1440, 1442 (D. Mass. 1988) (no provision for the recovery of traveling, parking or miscellaneous expenses incurred by the prevailing party's attorneys).

Likewise, the Court should not award fees for abandoned strategies, such as waiving a jury just before commencement of trial.  Nevertheless, Mr. Meyerson billed 3.4 hours preparing jury instructions and a verdict slip over January 18 and 19, 2022, but then Mr. Trindade withdrew his jury demand.  (Meyerson Aff. ¶ 13 & Exh. A [Dkt. No. 227-2 at 7]; Apr. 27, 2022 Trial Tr. at 10:5-12.)  Over April 12 and 13, 2022, Mr. Meyerson posted time entries for "choosing a bench trial" in five separate time entries totaling 1.3 hours. (Meyerson Aff. ¶ 13 & Exh. A [Dkt. No. 227-2 at 7-8]).  Mr. Meyerson included an unspecified amount of "travel time" for each of the trial days (Meyerson Aff. ¶ 13 & Exh. A [Dkt. No. 227-2 at 8]), but did not inform the Court as to how much of the requested 25.7 hours was spent going to and from court or why that time was productively spent.  Mr. Meyerson seeks 16.4 hours for preparing the fees and costs petition (Meyerson Aff. ¶ 13 & Exh. A [Dkt. No. 227-2 at 10), which is excessive since "this Court views the reasonableness of the hours expended in preparing a fee petition in light of the fact that such preparation often amounts to little more than documenting what a lawyer did and why he or she did it." *Marrotta v. Suffolk Cnty.*, 726 F. Supp. 2d 1, 23 (D. Mass. 2010) (finding requested time spent on petition for attorney's fees excessive).

Finally, the determination of the lodestar multiplier—that is, the hourly rate—"begins with

the average rates in the attorney's community for similar work done by attorneys of the same years' experience." *Jin Hai Li*, 273 F. Supp. 3d at 293.[3]  In undertaking this analysis, this Court cited the United States Consumer Law Attorney Fee Survey Report (the "Burdge Report") as a proper guide for reasonable fees for legal services.  *Cano v. Saul*, 505 F. Supp. 3d 20, 30 (D. Mass. 2020) (granting motion for fees in part and denying in part).  According to the Burdge Report, $375 per hour is the appropriate rate for Mr. Summer, who practices in a small firm and has twenty-seven years of experience, and $313 per hour is the appropriate rate for Mr. Meyerson, who practices in a small firm and has twelve years of experience.  *Cano*, 505 F. Supp. 3d at 30 n. 2, *citing* Ronald L. Burdge, United States Consumer Law Attorney Fee Survey Report 2017–2018 (Sept. 10, 2019), https://burdgelaw.com/wp-content/uploads/2019/10/US-Consumer-Law-Attorney-Fee-Survey-Report-2017-2018.pdf.  This Court has similarly found that a rate of $125/hour is reasonable for paralegal services.  *Sullivan v. Experian Info. Sols., Inc.*, No. CV 16-11719-MPK, 2022 WL 392848, at *10 (D. Mass. Feb. 9, 2022) (awarding $125/hour for paralegal work).  Mr. Dunn has thirteen years' experience as a paralegal and his proposed rate of $175/hour is excessive.  (Affidavit of Patrick Dunn ¶ 2 [Dkt. No. 227-3].   *United States ex rel. Herman v. Coloplast Corp.*, No. 11-CV-12131-RWZ, 2021 WL 3036922, at *3 (D. Mass. July 19, 2021) (for paralegal with thirty years' experience an appropriate rate was $140/hour).

A summary of the proposed deductions for these inappropriate fees is set forth below and presented in more detail in the exhibits to the Schwartz Decl.:

---

[3]     In *Jin Hai Li,* Magistrate Judge Boal considered the fee application Mr. Summer, who sought $350 per hour, and Mr. Meyerson who sought $250 per hour, which she found to be excessive as they practiced in small firms with minimal overhead expenses that could justify higher rates. *Jin Hai Li*, 273 F. Supp. 3d at 294.  She reduced their requested hourly rates by $50 per hour each. *Jin Hai Li*, 273 F. Supp. 3d at 294

| Timekeeper | Requested hours | Compensable hours | Block billing reduction (17.5%) | Fair and reasonable rate | Fair and reasonable award |
|---|---|---|---|---|---|
| David Summer | 275.90 | 196.10 | 161.78 | $375 | $60,668.43 |
| Alan Meyerson | 150.2 | 130.6 | 107.75 | $313 | $33,724.19 |
| Patrick Dunn | 18.1 | 18.1 | | $125 | $ 2,262.50 |
| Total | | | | | $96,655.12 |

3.   Plaintiff Is Not Entitled To Costs Incurred On His 2015 Wage Act Claim

Mr. Trindade seeks $37,352.91 in costs, which includes $31,768.50 in "expert fees" and $655.10 in expert deposition transcription costs that were incurred exclusively with respect to the unsuccessful 2015 Wage Act claim. (Summer Aff. ¶ 20 & Exh. A [Dkt. No. 227-1 at 20-21, 28-31]).  The expert witnesses in this matter, David Richards for Mr. Trindade and Joel Wacek for Grove, opined exclusively as to Grove's allocation methods with respect to Mr. Trindade's unsuccessful 2015 Wage Act claim.  (Findings of Fact and Conclusions of Law [Dkt. No. 224] at 9-11).  The methodology used, research performed, and testimony given as to the 2015 Wage Act claim was sufficiently distinct from Mr. Trindade's other claims that it cannot reasonably said to be "so inextricably intertwined with the time spent on successful claims that the two cannot be separated." *Ross*, 73 Mass. App. Ct. at 517.

Accordingly, the Court should award no more than $4,929.31 in costs.

B.   INTEREST SHOULD BE NO MORE THAN $40,758.51

The Court entered judgment in part for Mr. Trindade as to the 2016 Wage Act claim, to which he is entitled to damages of $107,852.00.  (Findings of Fact and Conclusions of Law [Dkt. No. 224] at 22).  However, the original complaint only alleged a violation of the Wage Act for 2015 and judgment entered for Grove against Mr. Trindade's 2015 Wage Act claim.  (Complaint [Dkt. No. 1] ¶¶ 19, 23-25).  It was not until July 24, 2020 that Mr. Trindade amended his

11

complaint to include the 2014 breach of contract claim and the 2016 Wage Act claims upon

which he has prevailed.  (First Amended Complaint [Dkt. No. 42] ¶ 23).  Therefore, Mr. Trindade

is entitled to interest commencing on July 24, 2020.  Mass. Gen. Laws ch. 231, § 6C.  This results

in an interest calculation of $40,758.51 calculated as follows.

| Dates | Damages (including compounded interest) | Interest |
|---|---|---|
| July 24, 2020-July 24, 2021 | 114,893 | 13,787 |
| July 24, 2021-July 24, 2022 | 128,680.16 | 15441.61 |
| July 24, 2022-March 16, 2023 | 144,121.77 | 11,529.74 |
| Total | | **40,758.52** |

## CONCLUSION

For the foregoing reasons, Grove respectfully requests that the award Mr. Trindade's no

more than $142,342.95 in fees, costs and interest.

Dated: March 16, 2023

Respectfully submitted,

Grove Services, Inc. and Victor Spivak
By their attorneys,

/s/ Irwin B. Schwartz
Irwin B. Schwartz (BBO# 548763)
ischwartz@blaschwartz.com
BLA Schwartz, PC
One University Ave., Suite 302B
Westwood, Massachusetts 02090
Phone:  781-636-5000
Fax:     781-636-5090

## Certificate of Service

I, Irwin B. Schwartz, as attorney for defendants Grove Services, Inc. and Victor Spivak, hereby certify that on this 16th day of March 2023, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Irwin B. Schwartz
Irwin B. Schwartz