UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| PAULO TRINDADE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 19-cv-10717-ADB |
| | * | |
| GROVE SERVICES, INC. and VICTOR SPIVAK, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

Paolo Trindade ("Plaintiff") brought this action against his former employer, Grove Services, Inc. and its President, Victor Spivak ("Defendants"), seeking compensation for unpaid commissions under the Massachusetts Wage Act ("Wage Act"), Mass. Gen. Laws ch. 149, §§ 148–150 (Count I) and alleging common law breach of contract (Count II). [ECF No. 1 ("Compl.")]. A five-day bench trial was held in April and May 2022. See [ECF Nos. 193, 196, 198–199, 201]. On February 22, 2023, the Court issued judgment ruling in favor of Plaintiff in part and Defendants in part on both counts. [ECF No. 224 at 23 ("Findings of Fact and Conclusions of Law")]. The judgment awarded Plaintiff $323,556 in trebled damages under the Wage Act related to his 2016 wages and another $7,041 for breach of contract related to his 2014 wages. [Id. at 22].

Plaintiff has moved for attorneys' fees and costs, plus prejudgment interest, pursuant to the Wage Act. [ECF No. 227]. Defendants do not dispute that Plaintiff is entitled to fees on his

prevailing claims, but oppose the request as excessive. [ECF No. 228]. For the following reasons, Plaintiff's motion will be GRANTED in part and DENIED in part.

## I. DISCUSSION

Plaintiff seeks an award of $179,892.50 in attorneys' fees and paralegal time, and $37,352.91 for costs, for a total of $217,245.41. [ECF No. 227 at 1]. He also requests an award of prejudgment interest in the amount of $64,279.18 through March 15, 2023 and prejudgment interest thereafter at the per diem rate of $58.91. [Id.]. Defendants challenge the request on the following grounds: (1) it fails to discount for time and costs spent on failed claims for the years 2013, 2014, and 2015; (2) the rates are excessive; (3) the time sheets contain block and otherwise excessive billing; and (4) the interest rate calculation is overstated. [ECF No. 228 at 1]. Given these issues, Defendants contend that Plaintiff is entitled to no more than $142,342.95 in fees, costs, and interest. [Id.].

### A. Attorneys' Fees

In the First Circuit courts follow the so-called lodestar method for calculating reasonable attorneys' fees. The lodestar method involves multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure.

In fashioning the lodestar, the first step is to calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are excessive, redundant, or otherwise unnecessary. [T]he court has a right—indeed, a duty—to see whether counsel substantially exceeded the bounds of reasonable effort.

After determining the number of hours reasonably expended, the second step in calculating the lodestar requires a determination of a reasonable hourly rate—a determination that is benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and specialized competence. In determining a reasonable hourly rate, a court must consider the type of work performed, who performed it, the expertise that it required, and when it was undertaken. The moving party bears the burden of establishing an attorney's level of skill and experience, and when that party fails to provide documentation as to the attorney's qualifications, a court may reduce the hourly rate.

> After determining the reasonable number of hours and hourly rate, the court may adjust the lodestar upward or downward based on a number of factors. Those factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Day v. Gracy, No. 18-cv-10396, 2019 WL 3753947, at *2–3 (D. Mass. Aug. 8, 2019) (alteration in original) (internal citations and quotation marks omitted).

"The party seeking the award has the burden of producing materials that support the request." Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "These materials should include counsel's contemporaneous time and billing records, suitably detailed, and information [about] the law firm's standard billing rates." Id. (citing Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295–96 (1st Cir. 2001)). While the lodestar "constitute[s] the usual starting point," the Court's "discretion is by no means shackled by" the prevailing party's time records. Gay Officers Action League, 247 F.3d at 296. "For example, it is the court's prerogative (indeed, its duty) to winnow out excessive hours, time spent tilting at windmills, and the like." Id. (citing Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 337 (1st Cir. 1991)). Additionally, "[w]hen a plaintiff prevails on some, but not all, of multiple claims, a fee reduction may be in order." Id. at 298 (first citing Hensley, 461 U.S. at 434–35; and then citing Coutin, 124 F.3d at 339–40).

Plaintiff seeks fees for the work of Attorneys Summer and Meyerson and Paralegal Patrick Dunn. In support of his request for fees, Plaintiff submitted declarations from Attorneys Meyerson and Summer, accompanied by itemized invoices for each, and supporting declarations

3

from paralegal Patrick Dunn and attorney Hillary Schwab, who specializes in class action and individual litigation on behalf of employees in Massachusetts and who opined on the reasonableness of Summer and Meyerson's rates. [ECF Nos. 227-1–227-4]. Altogether, these documents seek a fee award in the amount of $179,892.50. [ECF No. 227 at 1]. For Attorney Summer, Plaintiff seeks a fee award of $124,155, [ECF No. 227-1 ¶ 18], representing a total of 275.9 attorney hours expended at a rate of $450 per hour, [id. ¶¶ 17–18; id. at 6–16]. For Attorney Meyerson, Plaintiff seeks a fee award of $52,570, [ECF No. 227-2 ¶ 10], reflecting 150.2 attorney hours at a rate of $350 an hour, [id. ¶¶ 5, 13; id. at 6–10]. Plaintiff also seeks an award for paralegal Patrick Dunn's time in the amount of $3,167.50, [ECF No. 227-2 ¶ 12], representing 18.1 paralegal hours expended at a rate of $175 per hour, [ECF No. 227-3 ¶¶ 5, 7].

Defendants dispute the reasonableness of the total number of hours Plaintiff's counsel spent on the case as well as the rates charged. Specifically, Defendants argue that Attorney Summer's fee award should be no more than $60,668.43, for 161.78 hours of work at the hourly rate of $375; Attorney Meyerson's fee award should be no more than $33,724.19, for 107.75 hours of work at the hourly rate of $313; and Dunn's fee should be $2,262.50, representing 18.1 hours of work at an hourly rate of $125. [ECF No. 228 at 11]. Defendants' counsel has submitted annotated copies of Plaintiff's counsels' invoices indicating where Defendants suggest the Court reduce the award. [ECF No. 229-1, 229-2].

          i.      **Hours Spent on Unsuccessful Claims**

As a preliminary matter, Plaintiff is not entitled to fees accumulated in pursuit of claims that were ultimately unsuccessful. A plaintiff who prevails on a Wage Act claim is entitled to a mandatory award of reasonable attorneys' fees. Mass. Gen. Laws ch. 149, § 150. No fees, however, shall "be awarded for services [employed pursuing an] unsuccessful claim." Killeen v.

Westban Hotel Venture, LP., 872 N.E.2d 731, 739 (Mass. App. Ct. 2007) (quoting Hensley, 461 U.S. at 435); see also Gay Officers Action League, 247 F.3d at 298.  That is, "unless the court finds that 'the unsuccessful claims are "sufficiently interconnected" with [the] claims on which [the] plaintiff prevails.'"  Killeen, 872 N.E.2d at 739 (alteration in original) (quoting Peckham v. Cont'l Cas. Ins. Co., 895 F.2d 830, 842 (1st Cir. 1990)); see also Ross v. Cont'l Res., Inc., 899 N.E.2d 847, 861 (Mass. App. Ct. 2009) (fees shall not be awarded on unsuccessful claims unless the time spent on those claims was "so inextricably intertwined with the time spent on successful claims that the two cannot be separated").

During the course of this litigation, Plaintiff asserted Wage Act and breach of contract claims against Defendants for the time period between 2013 and 2016.  See [ECF Nos. 1, 42].  He dropped the 2013 claim on the first day of trial, only pursued a breach of contract claim for 2014, ultimately lost in full on his Wage Act claim for 2015 and prevailed on his 2016 Wage Act violation only in part. [ECF No. 224 at 5 n.1, 6 n.2, 21–23].  Defendants thus argue that all fees and costs for 2013, 2014, and 2015 should be excluded.  [ECF No. 228 at 4].

Plaintiff's unsuccessful Wage Act claim for 2015 was not so sufficiently intertwined with his prevailing 2016 claim to warrant an award of fees for legal services for that claim.  His 2015 claim was largely based on his assertion that Defendants underpaid him commissions based on allegedly inflating his portion of the company's overhead and by including overhead and expenses for Grove-owned entities outside of the Atlanta office in contravention of his employment agreement with the company.  [ECF No. 224 at 7].  In contrast, the prevailing component of 2016 claim was based only on the late payment of wages.  [Id. at 11–12].

As such, except for the few instances in which the services cannot be separated, no fees or costs shall be awarded for services provided in pursuit of the 2013, 2014, and 2015 claims.

### ii.     Hours Reasonably Expended

In Hensley, the Supreme Court held that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." 461 U.S. at 434.  As the fee applicant, Plaintiff "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Id. at 437.  After the applicant has made its case, the district court must review the fee request and exclude hours that were not "reasonably expended." Id. at 434.  "There is no precise rule or formula" for determining fee reductions in this context.  Id. at 436.  "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award . . . .  The court necessarily has discretion in making this equitable judgment." Id. at 436–37.  "The court may also reduce billed hours for non-complex tasks." Jin Hai Li v. Foolun, Inc., 273 F. Supp. 3d 289, 294 (D. Mass. 2017).

"The First Circuit does not require courts to set forth an hour-by hour analysis of a fee request." Jin Hai Li, 273 F. Supp. 3d at 294 (quotations omitted).  "Nevertheless, when a district court makes a substantial reduction in fees requested, the Court should offer reasonably explicit findings and has a burden to spell out the whys and wherefores." Id. (internal quotations and citations omitted).

Upon review of the time records submitted by Plaintiff's counsel, the Court finds that although most of the time spent was reasonable, some of the requested fees are excessive.  Specifically, the Court will not award fees and costs associated with all document production, expert discovery and motion practice, as not all of that discovery was related to the 2016 Wage Act claim.  More specifically, the 2016 Wage Act claim was not part of the complaint until Plaintiff amended it on July 24, 2020, and some of the requested fees and costs were related to

claims that were dismissed and therefore unsuccessful. See generally [ECF No. 224]. For example, the expert discovery was limited exclusively to the 2015 Wage Act claim, see [id. at 6, 17–18, 18 n.7], and Plaintiff was barred from conducting any further document discovery for the 2016 claim after it amended the complaint, see [ECF No. 41]. Thus, fact depositions were the lone part of discovery specifically related to the 2016 claim. That said, although discovery requests made prior to the Amended Complaint did not necessarily target the 2016 Wage Act claim, that initial discovery formed the basis for the claim "after exhaustive review" of the provided discovery. See [ECF No. 26 at 3]; see also [ECF No. 49 at 4:5–21]. In totality, to account for time spent on unsuccessful claims while still crediting time spent on early discovery that contributed to the 2016 claim, the Court will reduce the lodestar by 30%.

Defendants have pointed out various other problems with the hours submitted by Plaintiff. For example, Defendants note instances of duplicative entries, see, e.g., [ECF No. 227-1 at 6], block billing, see, e.g., [ECF No. 227-1 at 8; ECF No. 227-2 at 6], and entries for travel time to the Court during trial days, [ECF No. 227-2 at 8]. First, the Court will not award fees related to transportation. Cf. Walters v. President & Fellows of Harvard Coll., 692 F. Supp. 1440, 1442 (D. Mass. 1988). Second, "[b]lock billing is generally disfavored by courts and sanctioned by reducing the fee." Norkunas v. HPT Cambridge, LLC, 969 F. Supp. 2d 184, 196–97 (D. Mass. 2013) (citing EEOC v. AutoZone, Inc., 934 F. Supp. 2d 342, 354–55 (D. Mass. 2013)). "The First Circuit has found that a global reduction to sanction block billing is not inappropriate." Id. (citing Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008)). Finally, Defendants point out that Plaintiff's counsel billed 3.4 hours in preparing jury instructions and a verdict slip, before later withdrawing the jury demand, [ECF No. 227-2 at 7],

and that Attorney Meyerson seeks 16.4[1] hours for preparing the fees and costs petition, [id. at 10], which Defendants contend is excessive because courts "view the reasonableness of the hours expended in preparing a fee petition in light of the fact that such preparation often amounts to little more than documenting what a lawyer did and why he or she did it." Marrotta v. Suffolk Cnty., 726 F. Supp. 2d 1, 23 (D. Mass. 2010) (internal quotation omitted).

Defendants propose a 17.5% global reduction for block billing. [ECF No. 228 at 11]. A global reduction for block billing alone may not be appropriate in this case because the majority of the entries are not block billed and Plaintiffs' counsel has done a sufficient job of providing clear records for the Court's review. Considering the other issues identified, however, the Court concludes that it is appropriate to impose an additional 10% lodestar reduction based on the combination of issues identified by Defendants.

### iii. Rates

"Hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" Guckenberger v. B.U., 8 F. Supp. 2d 91, 105 (D. Mass. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)). "The fee-seeker must carry the burden of establishing the prevailing hourly rate (or schedule of rates) in the community for the performance of similar legal services by comparably credentialled counsel." Hutchinson, 636 F.3d at 16; see also Haddad v. Wal–Mart Stores, Inc. (No. 2), 920 N.E.2d 278, 282 (Mass. 2010) ("A determination of a reasonable hourly rate begins with 'the average rates in the attorney's community for similar work done by attorneys of the same years' experience.'" (quoting Stratos v. Dep't of Pub. Welfare, 439 N.E.2d 778 (Mass. 1982))).

---

[1] The Court notes that its review of ECF No. 227-2 shows 16.3 hours spent on the fee petition. In any event, the discrepancy is nominal and does not change the analysis relevant to this Order.

Defendants assert that the proposed rates for Attorney Summer ($450) and Attorney Meyerson ($350) are excessive and should be reduced to $375 and $313, respectively. [ECF No. 228 at 10–11]. Regarding Attorney Meyerson's rate of $350, Plaintiff points to cases in this district in which courts have concluded the same rate or higher was appropriate for lawyers with comparable experience, see [ECF No. 227 at 4–6 (citing Riley v. Mass. Dep't of State Police, 15-cv-14137, 2019 WL 4973956, at *3 (D. Mass. Oct. 8, 2019) ($600 and $525 rate for a law firm partners and $350 rate for a law firm associate were appropriate); Awuah v. Coverall N. Am., 791 F. Supp. 2d 284, 290 (D. Mass. 2011) (a $400 rate was appropriate for employment attorney at small firm); DiFiore v. Am. Airlines, Inc., No. 07-cv-10070, 2010 WL 623635, at *5 (D. Mass. Feb. 10, 2010) ($400 for law firm partner), rev'd on other grounds, 646 F.3d 81 (1st Cir. 2011))]. Given that Attorney Meyerson practices in a small firm and has 12 years' experience, Plaintiff's proposed rate of $350 for him is reasonable. Plaintiff also points to similar cases that demonstrate that the requested rate for Attorney Summer of $450 is also reasonable. See [id. (citing Riley, 2019 WL 4973956, at *3 ($600 and $525 rate for a law firm partners and $350 rate for a law firm associate were appropriate); Petrone v. Long Term Disability Income Plan, No. 11-cv-10720, 2014 WL 1323751, at *2–3 (D. Mass. Mar. 31, 2014) ($500 rate appropriate))]. Given that Attorney Summer works at a small firm and has 27 years' experience, Plaintiff's proposed rate of $450 is supportable.

Considering the comparable cases, and the additional support provided by Schwab's declaration which states that the rates requested by Plaintiff's counsel "are well within the range of prevailing market rates for attorneys with comparable experience" and, in fact, "are on the low end of what is appropriate for attorneys" with comparable skill and experience, [ECF No. 227-4

¶ 5], the Court will not reduce Plaintiff's proposed hourly rates for Attorneys Meyerson and Summer.

The Court, however, agrees with Defendants that the requested paralegal rate of $175 per hour is excessive when viewed in light of comparable cases, see Sullivan v. Experian Info. Sols., Inc., No. 16-cv-11719, 2022 WL 392848, at *10 (D. Mass. Feb. 9, 2022) (awarding $125/hour for paralegal work); Riley, 2019 WL 4973956, at *3 (same); see also U.S. ex rel. Herman v. Coloplast Corp., No. 11-cv-12131, 2021 WL 3036922, at *3 (D. Mass. July 19, 2021) (for paralegal with thirty years' experience an appropriate rate was $140/hour). Accordingly, the Court concludes that $125 per hour is more reasonable.

### iv.  Lodestar Amount

For the reasons stated above, the Court calculates the lodestar as follows:

|  | Reasonable Hours Billed | Rate |  |
|---|---|---|---|
| Attorney Summer | 275.9 | $ 450 | $ 124,155 |
| Attorney Meyerson | 150.2 | $ 350 | $ 52,570 |
| Paralegal | 18.1 | $ 125 | $ 2,262.50 |
|  |  | Subtotal | $ 178,987.50 |
|  |  | Lodestar Reduction | -40% |
|  |  | Total | $ 107,392.50 |

### B.  Costs

In addition to reasonable attorneys' fees, the Wage Act allows a prevailing plaintiff to recover the "costs of [] litigation." Mass. Gen. Laws ch. 149, § 150. Plaintiff seeks costs in the amount of $37,352.91, including costs for the filing fee, service of the complaint, deposition transcripts and, significantly, costs for his expert. [ECF No. 227-1 ¶ 20]. $31,768.50 of this request is attributed to "expert fees" and another $655.10 is attributed to expert deposition transcription costs. [ECF No. 227-1 at 15–16]. As explained above, because expert discovery

was limited exclusively to the 2015 Wage Act claim, Plaintiff is not entitled to costs associated with the expert fees, and the Court therefore awards **$ 4,929.31** in costs.[2]

C. **Interest**

For the prevailing Wage Act claim, prejudgment interest is calculated at a rate of 12 percent per annum from the date of commencement of this action to the date final judgment enters. See Mass. Gen. Laws ch. 231, § 6H ("In any action in which damages are awarded, but in which interest on said damages is not otherwise provided by law, there shall be added by the clerk of court to the amount of damages interest thereon at the rate [of twelve percent per annum] to be determined from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law."); see also Owens v. City of Malden, 617 F. Supp. 3d 69, 72 (D. Mass. 2022); St. Pierre v. CVS Pharmacy, Inc., 265 F. Supp. 3d 131, 142 (D. Mass. 2017).  Accordingly, the interest fee calculation dates back to the commencement of the action, April 15, 2019, Gill v. N. Shore Radiological Assocs., 430 N.E.2d 1210, 1211–12 (Mass. 1982) ("from the date of the commencement of the action" is read literally and a claim does not accrue as of the date of an amended complaint), and runs through the date that judgment entered, February 23, 2023.[3]  Foley v. City of Lowell, 948 F.2d 10, 17–18 (1991) (prejudgment interest runs through the date of judgment).

For the prevailing contract claim, however, Plaintiff is entitled to prejudgment interest at the rate of 12 percent per annum "from the date of the breach or demand."  Mass. Gen. Laws ch.

---

[2] Because the Court finds expert costs are not recoverable as they did not relate to the successful claims, it does not need to reach the issue of whether Plaintiff is entitled to expert costs under the law.

[3] As this Court has already stated, see [ECF No. 224 at 22, n.9], prejudgment interest is added to the amount of lost wages and benefits, not the trebled amount.  See St. Pierre, 265 F. Supp. 3d at 142.

11

231, § 6C ("In all actions based on contractual obligations, upon a[n] . . . order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages . . . at the rate of twelve per cent per annum from the date of the breach or demand."); see also St. Pierre, 265 F. Supp. 3d at 142.  Here, neither party identifies the date of the breach or demand, and "where the date of breach or demand [was] not [] sufficiently established at trial, [interest] should be awarded from the date on which the suit was filed."  Adams v. Delphi Internet Servs., No. CIV A. 95–5517–E, 1998 WL 1077231, at *3 (Mass. Super. Ct. Nov. 6, 1998) (citing Zimmerman v. Bogoff, 524 N.E.2d 849, 856 (Mass. 1988)); see also Mass. Gen. Laws ch. 231, § 6C ("If the date of the breach or demand is not established, interest shall be added by the clerk of the court, at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action . . . .").  Accordingly, Plaintiff is entitled to prejudgment interest on damages for his breach of contract claim beginning April 15, 2019 through the date of judgement, February 23, 2023.  See Empower Energy Sols. Inc. v. Solar Wolf Energy, Inc., No. 21-cv-40044, 2021 WL 7210985, at *5 (D. Mass. Aug. 18, 2021) (interest under § 6C awarded until the date of judgment); Botello Lumber Co., Inc. v. Apcon, Inc., 65 N.E.3d 32 (Table), at 3–4 (Mass. App. Ct. 2016) (same).

     Accordingly, the prejudgment interest award is calculated as follows:[4]

---

[4] Plaintiff also requests a per diem rate going forward, which would be post-judgment interest, not the requested prejudgment interest.  Though Plaintiff may be entitled to post-judgment interest, he has not requested it at this time.

### Wage Act Claim

| Dates | Damages (including compounded interest) | Interest |
|---|---:|---:|
| 4/15/2019 – 4/14/2020 | $ 107,852.00[5] | $ 12,942.24 |
| 4/15/2020 – 4/14/2021 | $ 120,794.24 | $ 14,495.31 |
| 4/15/2021 – 4/14/2022 | $ 135,289.55 | $ 16,234.75 |
| 4/15/2022 – 2/23/2023 | $ 151,524.29 | $ 15,642.29 |
| | Total | **$ 59,314.59** |

### Breach of Contract Claim

| Dates | Damages (including compounded interest) | Interest |
|---|---:|---:|
| 4/15/2019 – 4/14/2020 | $ 7,041.00 | $ 844.92 |
| 4/15/2020 – 4/14/2021 | $ 7,885.92 | $ 946.31 |
| 4/15/2021 – 4/14/2022 | $ 8,832.23 | $ 1,059.87 |
| 4/15/2022 – 2/23/2023 | $ 9,892.10 | $ 1,021.19 |
| | Total | **$ 3,872.29** |

## II.   CONCLUSION

Accordingly, for the reasons noted above, Plaintiff's motion is <u>DENIED</u> in part and <u>GRANTED</u> in part. Plaintiff shall be awarded **$112,321.81** in attorneys' fees and costs. He shall further be awarded **$59,314.59** in prejudgment interest for his Wage Act claim and **$3,872.29** in prejudgment interest for his breach of contract claim.

Defendants and their counsel are jointly and severally liable for paying the award.

**SO ORDERED.**

October 3, 2023

/s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
U.S. DISTRICT JUDGE

---

[5] This reflects the amount of damages awarded to Plaintiff under the Wage Act before trebling.