UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | X | |
|---|---|---|
| PAULO TRINDADE | : | Civil Action No. |
| | : | 1:19-cv-10717-ADB |
| Plaintiff, | : | |
| | : | |
| v. | : | **MOTION TO AMEND** |
| | : | **Fed. R. Civ. P. 59(e)** |
| GROVE SERVICES, INC. and VICTOR SPIVAK | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | X | |

---

Pursuant to Fed. R. Civ. P. Rule 59(e), Defendants Grove Services, Inc. and Victor Spivak (together, "Grove") respectfully move to amend this Court's Memorandum and Order awarding attorneys fees, costs and interest under Mass. Gen. Laws. ch. 149 § 150 [ECF. No. 241] (the "Fees and Costs Award").  As discussed briefly below, even though there is no request or basis to impose liability on counsel, the Fees and Costs Award provides that "Defendants *and their counsel* are jointly and severally liable for paying the award." Fees and Costs Award at 13 (emphasis added).  Accordingly, Grove requests that the Court amend the last sentence of the Fees and Costs Award to eliminate "and their counsel," which Grove believes was included in error.

## ARGUMENT

The Wage Act makes no provision for imposition of adverse party fees, costs or interest against defense counsel.  Mass. Gen. Laws. ch. 149 § 150.  Mr. Trindade did not seek to impose attorneys' fees, costs and interest on Grove's counsel.  [ECF No. 227].  Likewise, Mr. Trindade also filed no motion against Grove and its counsel under Fed. R. Civ. P. 11.  Accordingly, Grove had no notice that its counsel might be jointly and severally liable for the fees, costs, and interest

sought by Mr. Trindade in this matter.  Absent such notice, as a matter of due process, the Court should not impose an award against counsel. *Media Deduplication Services, Ltd. v. HDG Software, Inc.,* 928 F.2d 1228, 1238-39 (1st Cir. 1991) (reversing order on sanctions).

Moreover, the Court made no finding that Grove or its counsel defended this case in bad faith or the defenses asserted were frivolous that would be a predicate for liability against Grove's counsel under Fed. R. Civ. P. 11.   Nor did the Court make any finding that Grove's counsel unreasonably or vexatiously multiplied the proceedings of this case.  28 U.S.C.A. § 1927.  Accordingly, nothing in the record supports the finding that Grove's counsel should be jointly and severally liable under the Fees and Costs Award.

## CONCLUSION

For the foregoing reasons, Grove respectfully moves for the Court to Amend the Memorandum and Order [ECF No. 241] to:

A.  Eliminate joint and several liability for Grove's counsel; and

B.  Enter such further an additional relief as the Court finds appropriate.


Dated: October 27, 2023                                Respectfully submitted,

Grove Services, Inc. and Victor Spivak

By their attorney,

/s/ Irwin B. Schwartz
Irwin B. Schwartz (BBO# 548763)
ischwartz@blaschwartz.com
BLA Schwartz, PC
One University Ave., Suite 302B
Westwood, Massachusetts 02090
Phone:  781-636-5000
Fax:     781-636-5090

**Rule 7.1 Certification**

Pursuant to Local Rule 7.1(a), I hereby certify that on October 4, 2023, and on numerous times thereafter, I conferred in good faith with Plaintiff's counsel in person and by email regarding the issues raised in this Motion to Amend, but we were unable to resolve the issue raised in the motion.

/s/ Irwin B. Schwartz
Irwin B. Schwartz

**Certificate of Service**

I, Irwin B. Schwartz, as attorney for defendants Grove Services, Inc. and Victor Spivak, hereby certify that on this 27th day of October 2023, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Irwin B. Schwartz
Irwin B. Schwartz